No. 116,872

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL ANTHONY ROBINSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a statute is constitutional involves a question of law subject to unlimited appellate review.

2.

K.S.A. 2016 Supp. 8-1012 is unconstitutional because the statute criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest.

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 22, 2017. Reversed in part, vacated in part, and remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Alex M. Scott* and *Shawn E. Minihan*, assistant district attorneys, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

1

MALONE, J.: Michael Anthony Robinson appeals his convictions and sentences for refusal to submit to testing in violation of K.S.A. 2016 Supp. 8-1025, refusal to submit to a preliminary breath test (PBT) in violation of K.S.A. 2016 Supp. 8-1012, and driving under the influence of alcohol (DUI). Robinson first argues that his conviction for refusal to submit to testing is based on an unconstitutional statute and must be reversed. Second, Robinson argues that his conviction for refusal to submit to a PBT also is based on an unconstitutional statute and must be reversed. Third, Robinson argues that the district court erred by using his prior out-of-state DUI convictions to sentence him as a fourth or subsequent DUI offender. Finally, Robinson argues that the district court erred when it imposed the mandatory $2,500 fine for his DUI conviction without first considering community service as an alternative method of paying the fine.

The State concedes that Robinson's conviction for refusal to submit to testing in violation of K.S.A. 2016 Supp. 8-1025 must be reversed because the statute is facially unconstitutional as held by our Supreme Court in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*). In this case of first impression, we hold that K.S.A. 2016 Supp. 8-1012 is unconstitutional for the same reasons that K.S.A. 2016 Supp. 8-1025 was found to be unconstitutional in *Ryce I* and *Ryce II*, i.e., the statute criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest. As for the DUI sentence, the parties agree that the case must be remanded for the district court to determine whether Robinson's California DUI convictions can be used to enhance his sentence under the Kansas DUI statute. As a result, we do not need to reach Robinson's final issue about the fine for the DUI.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are straightforward and undisputed. On October 20, 2013, police responded to a call about a possible drunk driver parked in front of a convenience

store. When the officers arrived, they found Robinson passed out in the driver's seat of his car. A police officer had to yell to wake up Robinson, who had bloodshot and watery eyes, smelled of consumed alcoholic beverage, and appeared lethargic. Robinson told the officer he had come from a bar and admitted he had been drinking. The officer ran Robinson's driver's license and found it was suspended.

In the ensuing investigation, Robinson exhibited many signs of impairment in the field sobriety tests. Robinson refused to submit to a PBT even though the officer advised him that the refusal was a traffic infraction. Robinson also refused to submit to an evidentiary breath test even though the officer advised him that the refusal could be prosecuted as a separate crime with penalties comparable to a DUI conviction. The officer later found an open container of alcohol in Robinson's vehicle.

The State charged Robinson with DUI as a fourth or subsequent offender, refusal to submit to testing in violation of K.S.A. 2016 Supp. 8-1025, driving on a suspended license, transporting an open container, and refusal to submit to a PBT in violation of K.S.A. 2016 Supp. 8-1012. The jury acquitted Robinson of the driving while suspended charge but found him guilty of the remaining charges.

Before sentencing, Robinson moved to vacate his conviction for refusal to submit to testing in violation of K.S.A. 2016 Supp. 8-1025 based on the Kansas Supreme Court's decision in *Ryce I*, which held that the statute was facially unconstitutional. Noting that the ruling in *Ryce I* was not final, the district court denied Robinson's motion.

At sentencing, Robinson's presentence investigation (PSI) report indicated that he had a prior DUI conviction in Kansas in July 2013 and that he had been convicted of four DUI offenses in California and three DUI offenses in Arizona. Robinson asserted no objection to his criminal history as reflected in the PSI report.

3

The district court sentenced Robinson to one year in jail and imposed a $2,500 fine for his DUI conviction. The district court also sentenced Robinson to one year in jail and imposed a $2,500 fine for his refusal to submit to testing conviction. The district court sentenced Robinson to six months in jail for his transporting an open container conviction. Finally, the district court imposed a $105 fine for the refusal to submit to the PBT. The district court ordered that each of Robinson's sentences run consecutive to one another as well as other cases. Robinson timely filed a notice of appeal.

REFUSAL TO SUBMIT TO TESTING IN VIOLATION OF K.S.A. 2016 SUPP. 8-1025

Robinson first argues that his conviction for refusal to submit to testing in violation of K.S.A. 2016 Supp. 8-1025 must be reversed because the statute is unconstitutional. Robinson filed his brief after the Supreme Court heard arguments on the State's motion for rehearing in *Ryce I*, but before the Supreme Court issued its decision in *Ryce II*. In *Ryce I*, the Kansas Supreme Court held that 8-1025, which imposes criminal penalties upon a motorist for refusing to submit to any method of blood-alcohol testing, is facially unconstitutional because the statute criminalizes a defendant's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest. 303 Kan. at 963. In *Ryce II*, our Supreme Court reaffirmed its prior decision that 8-1025 is facially unconstitutional. 306 Kan. at 699-700.

The State concedes that this court must reverse Robinson's conviction for refusal to submit to testing based on *Ryce I* and *Ryce II*. Thus, Robinson's conviction for refusal to submit to testing is reversed and his sentence for that conviction is vacated.

REFUSAL TO SUBMIT TO PBT IN VIOLATION OF K.S.A. 2016 SUPP. 8-1012

Robinson next argues that his conviction for refusal to submit to a PBT in violation of K.S.A. 2016 Supp. 8-1012 must be reversed because the statute upon which

4

it is based is unconstitutional for the same reasons that K.S.A. 2016 Supp. 8-1025 is unconstitutional as determined by our Supreme Court in *Ryce I* and *Ryce II*. Robinson argues that K.S.A. 2016 Supp. 8-1012 is unconstitutional because the statute makes it a traffic infraction for a person to withdraw his or her implied consent to a PBT and the statute is not narrowly tailored to serve a compelling state interest.

The State asserts that K.S.A. 2016 Supp. 8-1012 is presumed to be constitutional. The State also asserts that the statute is narrowly tailored to serve its compelling interests in both combatting and penalizing drunk driving and in protecting public safety on the roads. The State points out that unlike with an evidentiary breath test, where an officer already has probable cause to believe that a driver is operating a vehicle while under the influence, the PBT statute only requires reasonable suspicion. Finally, the State points out that the PBT is of limited evidentiary value and the results are inadmissible in any civil or criminal action except to aid in determining a challenge to the validity of a DUI arrest.

Robinson did not challenge the constitutionality of K.S.A. 2016 Supp. 8-1012 in district court. Nevertheless, he argues that this court can consider his argument for the first time on appeal because (1) consideration of his argument is necessary to serve the ends of justice and prevent the denial of his fundamental rights and (2) consideration of his argument only involves a question of law, which arises on admitted facts, and is finally determinative of his issue. See *State v. Jones*, 302 Kan. 111, 117, 351 P.3d 1228 (2015). The State concedes that Robinson's argument only involves a question of law arising on proved or admitted facts, which is finally determinative of the issue. Thus, we will address Robinson's constitutional claim for the first time on appeal.

Whether a statute is constitutional involves a question of law subject to unlimited appellate review. *Ryce I*, 303 Kan. at 905. Questions involving the constitutionality of a statute also require this court to engage in statutory interpretation. When interpreting statutes, "we ascertain legislative intent by looking to these statutes' plain language,

giving common words their ordinary meaning." 303 Kan. at 906. "If the plain language is unambiguous, we, like all Kansas courts, ordinarily do 'not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it.' [Citations omitted.]" 303 Kan. at 906. Additionally, while engaging in this analysis, we must "resolve any doubts in favor" of finding a statute constitutional. 303 Kan. at 906.

In order to fully analyze the constitutionality of K.S.A. 2016 Supp. 8-1012, we must first address the relevant statutes—K.S.A. 2016 Supp. 8-1001, K.S.A. 2016 Supp. 8-1025, and K.S.A. 2016 Supp. 8-1012. Next, we must review the relevant caselaw—*Ryce I*, *Ryce II*, and *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

*K.S.A. 2016 Supp. 8-1001, K.S.A. 2016 Supp. 8-1025, and K.S.A. 2016 Supp. 8-1012*

K.S.A. 2016 Supp. 8-1001, commonly known as the Kansas Implied Consent Law, states in relevant part:

"(a) Any person who operates or attempts to operate a vehicle within this state is deemed to have given consent, subject to the provisions of this article, to submit to one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs. The testing deemed consented to herein shall include all quantitative and qualitative tests for alcohol and drugs. A person who is dead or unconscious shall be deemed not to have withdrawn the person's consent to such test or tests, which shall be administered in the manner provided by this section."

K.S.A. 2016 Supp. 8-1025, the focus of our Supreme Court's analysis in *Ryce I* and *Ryce II*, states in relevant part:

"(a) Refusing to submit to a test to determine the presence of alcohol or drugs is refusing to submit to or complete a test or tests *deemed consented to* under K.S.A. 8-1001(a), and amendments thereto, if such person has:

6

(1) Any prior test refusal as defined in K.S.A. 8-1013, and amendments thereto, which occurred: (A) On or after July 1, 2001; and (B) when such person was 18 years of age or older; or

(2) any prior conviction for a violation of K.S.A. 8-1567 or 8-2,144, and amendments thereto, or a violation of an ordinance of any city or resolution of any county which prohibits the acts that such section prohibits, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, which occurred: (A) On or after July 1, 2001; and (B) when such person was 18 years of age or older." (Emphasis added.)

K.S.A. 2016 Supp. 8-1012, which Robinson now claims is unconstitutional, states in substantial part:

"(a) Any person who operates or attempts to operate a vehicle within this state *is deemed to have given consent* to submit to a preliminary screening test of the person's breath or saliva, or both, subject to the provisions set out in subsection (b).

"(b) A law enforcement officer may request a person who is operating or attempting to operate a vehicle within this state to submit to a preliminary screening test of the person's breath or saliva, or both, if the officer has reasonable suspicion to believe the person has been operating or attempting to operate a vehicle while under the influence of alcohol or drugs or both alcohol and drugs.

"(c) At the time the test is requested, the person shall be given oral notice that: (1) There is no right to consult with an attorney regarding whether to submit to testing; (2) refusal to submit to testing is a traffic infraction; and (3) further testing may be required after the preliminary screening test. Failure to provide the notice shall not be an issue or defense in any action. The law enforcement officer then shall request the person to submit to the test.

"(d) Refusal to take and complete the test as requested is a traffic infraction. If the person submits to the test, the results shall be used for the purpose of assisting law enforcement officers in determining whether an arrest should be made and whether to request the tests authorized by K.S.A. 8-1001, and amendments thereto. A law enforcement officer may arrest a person based in whole or in part upon the results of a preliminary screening test. Such results shall not be admissible in any civil or criminal

7

action concerning the operation of or attempted operation of a vehicle except to aid the court or hearing officer in determining a challenge to the validity of the arrest or the validity of the request to submit to a test pursuant to K.S.A. 8-1001, and amendments thereto. Following the preliminary screening test, additional tests may be requested pursuant to K.S.A. 8-1001, and amendments thereto." (Emphasis added.)

K.S.A. 2016 Supp. 8-1012(a) provides that any person who operates or attempts to operate a vehicle within this state is deemed to have given consent to submit to a preliminary screening test of the person's breath or saliva. K.S.A. 2016 Supp. 8-1012(b) provides that a law enforcement officer may request a person who is operating or attempting to operate a vehicle within this state to submit to a preliminary screening test if the officer has reasonable suspicion to believe that the person has been operating or attempting to operate a vehicle while under the influence of alcohol. K.S.A. 2016 Supp. 8-1012(c) provides that at the time the test is requested, the person shall be given notice that refusal to submit to testing is a traffic infraction. K.S.A. 2016 Supp. 8-1012(d) provides that if the person submits to the test, the results shall be used for the purpose of assisting law enforcement officers in determining whether an arrest should be made and whether additional testing as authorized by statute should be requested.

Ryce I, Ryce II, *and* Birchfield

In *Ryce I*, the State charged Ryce with refusal to submit to testing in violation of K.S.A. 2014 Supp. 8-1025, along with driving while suspended, driving without a tag, and improper backing. Before trial, Ryce filed a motion to dismiss the test refusal count on the ground that 8-1025 unconstitutionally punished the exercise of his right to withdraw consent to a warrantless search. The district court ruled the statute was unconstitutional, and the State appealed.

In affirming the district court, our Supreme Court began its analysis by noting that the wording of 8-1025 "stands on the shoulders of the implied consent provision" at

8

K.S.A. 8-1001. 303 Kan. at 906. The court determined that 8-1025 penalizes drivers who refuse to submit to a test that they have impliedly consented to under 8-1001. 303 Kan. at 907. Thus, the court found that 8-1025 applies in a very narrow set of circumstances: it only criminalizes a DUI suspect's express withdrawal of consent to a search. 303 Kan. at 909.

Our Supreme Court next examined the provisions of K.S.A. 2014 Supp. 8-1001 and the court's interpretation and application of that statute. The court noted that its prior caselaw explained that a test taken after the driver receives the advisory required by 8-1001(k) is the product of the consent exception to the warrant requirement. 303 Kan. at 907-08. The court noted that its prior decisions had equated an express refusal with a withdrawal of implied consent. 303 Kan. at 908.

Turning to the Fourth Amendment and § 15 of the Kansas Constitution Bill of Rights to discuss the consent exception to the warrant requirement, the court concluded: (1) both a breath and blood test for blood-alcohol content constitute a search; (2) both the United States and Kansas Constitutions protect citizens from unreasonable searches; (3) searches conducted without a warrant are per se unreasonable unless conducted pursuant to a recognized warrant exception; and (4) recognized warrant exceptions that might be implicated in a DUI case include consent, search incident to a lawful arrest, and probable cause plus exigent circumstances. 303 Kan. at 909-14, 919.

Based on a historical review of caselaw, the court determined that K.S.A. 2014 Supp. 8-1025 narrowly and unambiguously penalizes a driver for refusing to submit to a search "deemed consented to" under K.S.A. 2014 Supp. 8-1001(a). 303 Kan. at 918. Given the wording of 8-1025 and prior caselaw indicating that refusal to submit to testing is really withdrawal of consent, the court determined that the decision regarding whether 8-1025 is constitutional under Fourth Amendment principles "ultimately depends on the application of the consent exception alone." 303 Kan. at 931.

9

Applying the text of K.S.A. 2014 Supp. 8-1025 to the constitutional principles regarding reasonable searches, the court concluded that the State cannot criminally punish a defendant for withdrawing his or her implied consent. 303 Kan. at 963. Using due process analysis, the court agreed that the State has a compelling interest in combating drunk driving problems, but the court found that 8-1025 was not narrowly tailored to serve those compelling interests. 303 Kan. at 957-63. Therefore, our Supreme Court in *Ryce I* held that 8-1025 "violates a suspect's Fourth and Fourteenth Amendment rights and . . . § 15 of the Kansas Constitution Bill of Rights." 303 Kan. at 963.

After our Supreme Court's decision in *Ryce I*, the United States Supreme Court decided *Birchfield*, 136 S. Ct. 2160. In *Birchfield*, the Supreme Court consolidated two cases from North Dakota and one from Minnesota. In one of the cases from North Dakota, the defendant refused a blood test and was charged under a North Dakota law that made it a crime to refuse to submit to a blood-alcohol content test. In the other North Dakota case, a driver appealed his license suspension on the grounds that his consent was coerced by the officer's warning that a refusal to submit to a blood test would be a crime. In the case from Minnesota, the defendant was charged with DUI and refused a request for a breath test after being informed that it was a crime to refuse to submit to such a test.

The United States Supreme Court framed the issue in each case as "whether the warrantless searches at issue here were reasonable." *Birchfield*, 136 S. Ct. at 2173. In analyzing the root issue of whether the tests were, or would have been, reasonable, the *Birchfield* majority distinguished between breath and blood tests. Ultimately, the Court held that "a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." 136 S. Ct. at 2185. The Court also determined that motorists may not be criminally punished for refusing to submit to a warrantless blood draw. 136 S. Ct. at 2185-86. Noting that it was not addressing the constitutionality of various state implied consent laws, the Court held:

10

"Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. . . .

"It is another matter, however, for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test. There must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads.

". . . [W]e conclude that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." 136 S. Ct. at 2185-86.

The Supreme Court reversed the conviction of the North Dakota defendant who was criminally prosecuted for refusing a warrantless *blood* test. *Birchfield*, 136 S. Ct. at 2186. But the defendant who had been prosecuted in Minnesota for refusing a warrantless *breath* test did not receive similar relief. 136 S. Ct. at 2186. As for the driver who submitted to a blood test only after being told the law required him to do so, the Supreme Court remanded his case to the North Dakota Supreme Court to reevaluate whether the driver's consent was voluntary in light of all the circumstances. 136 S. Ct. at 2186.

Based on the decision in *Birchfield*, the Kansas Supreme Court granted the State's motion for rehearing in *Ryce I*. In *Ryce II*, our Supreme Court modified its decision in *Ryce I* to reflect *Birchfield*'s holding that a breath test may be administered as a search incident to a lawful arrest for drunk driving. 306 Kan. at 693. However, noting that *Birchfield* does not rewrite the Kansas statutes, our Supreme Court in *Ryce II* reaffirmed its decision that K.S.A. 2016 Supp. 8-1025 is facially unconstitutional. 306 Kan. at 695, 699-700. The court pointed out that K.S.A. 2016 Supp. 8-1025 is premised on the consent exception alone, as opposed to the North Dakota and Minnesota statutes analyzed in *Birchfield*. 306 Kan. at 697. The court reiterated that the only conduct criminalized by K.S.A. 2016 Supp. 8-1025 is withdrawal of implied consent to a search when the police were relying on that consent to justify the search in the first place. 306 Kan. at 699.

11

The court in *Ryce II* stated that "the question in *Ryce I* was whether Kansas could criminalize a suspect's withdrawal of implied consent—not, as in *Birchfield*, [with] whether warrantless blood and breath tests were reasonable under the Fourth Amendment." 306 Kan. at 699. The court concluded that its reasoning in *Ryce I* as to how and why K.S.A. 2016 Supp. 8-1025 is facially unconstitutional stands. 306 Kan. at 700.

*Is K.S.A. 2016 Supp. 8-1012 constitutional?*

Turning now to Robinson's underlying argument, he asserts that his conviction for refusal to submit to a PBT is based on an unconstitutional statute and must be reversed. Robinson argues that K.S.A. 2016 Supp. 8-1012 is unconstitutional for the same reasons that K.S.A. 2016 Supp. 8-1025 was found to be unconstitutional in *Ryce I* and *Ryce II*. Robinson points out that K.S.A. 2016 Supp. 8-1025 narrowly criminalizes the withdrawal of implied consent given pursuant to K.S.A. 2016 Supp. 8-1001(a). *Ryce I*, 303 Kan. at 918. He argues that K.S.A. 2016 Supp.8-1012 also narrowly criminalizes the withdrawal of implied consent given pursuant to K.S.A. 2016 Supp. 8-1001(a). Because the Legislature may not criminalize a person's refusal to consent to a search, Robinson argues that K.S.A. 2016 Supp. 8-1012 is unconstitutional.

We begin our analysis by observing that a PBT pursuant to K.S.A. 2016 Supp. 8-1012 is indeed a search. In *State v. Jones*, 279 Kan. 71, 76, 106 P.3d 1 (2005), our Supreme Court held that a PBT, which results in extracting deep lung breath for chemical analysis, is a search subject to the strictures of the Fourth Amendment to the United States Constitution. Searches conducted without a warrant are per se unreasonable unless conducted pursuant to a recognized warrant exception. As our Supreme Court stated in *Ryce I*, recognized warrant exceptions that might be implicated in a DUI case include consent, search incident to a lawful arrest, and probable cause plus exigent circumstances. 303 Kan. at 919.

12

In *Birchfield*, the Court held that the search incident to a lawful arrest exception is a categorical exception to the warrant requirement permitting an officer to demand a breath test from a person arrested for a DUI violation. See 136 S. Ct. at 2185. However, the search incident to a lawful arrest exception does not apply to a PBT for the obvious reason that the PBT is conducted prior to an arrest. Moreover, the probable cause plus exigent circumstances exception does not apply to a PBT because the test is conducted based on reasonable suspicion, not probable cause. See K.S.A. 2016 Supp. 8-1012(b).

This brings us back to consent. In *Ryce I*, our Supreme Court noted that the wording of K.S.A. 2014 Supp. 8-1025 "stands on the shoulders of the implied consent provision" at K.S.A. 2014 Supp. 8-1001. 303 Kan. at 906. Likewise, the wording of K.S.A. 2016 Supp. 8-1012 stands on the shoulders of the Kansas Implied Consent Law. K.S.A. 2016 Supp. 8-1012(a) states: "*Any person who operates or attempts to operate a vehicle within this state is deemed to have given consent* to submit to a preliminary screening test . . . subject to the provisions set forth in subsection (b)." (Emphasis added.) K.S.A. 2016 Supp. 8-1001(a) states: "*Any person who operates or attempts to operate a vehicle within this state is deemed to have given consent* . . . to submit to one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs." (Emphasis added.) Clearly, the language italicized is identical. We note that the court in *Jones* expressly held that the implied consent provisions of K.S.A. 8-1001 do not apply to K.S.A. 8-1012, based on the language of the statute at the time of that decision. See 279 Kan. at 78-82. However, the language of K.S.A. 8-1012 was amended after the *Jones* decision to make it clear that the implied consent provisions of K.S.A. 8-1001 apply to the PBT statute. See L. 2006, ch. 173, § 2.

Thus, we must interpret K.S.A. 2016 Supp. 8-1012 as a statute involving the criminalization of the withdrawal of a suspect's implied consent just as our Supreme Court interpreted K.S.A. 2016 Supp. 8-1025 in *Ryce I* and *Ryce II*. K.S.A. 2016 Supp. 8-1012(d) provides that a driver's refusal to take and complete a PBT is a traffic infraction.

13

In Kansas, a traffic infraction is a crime. See K.S.A. 2016 Supp. 21-5102. Because K.S.A. 2016 Supp. 8-1012(d) criminalizes the withdrawal of consent to a PBT as a traffic infraction, which is punishable by a fine, the Due Process Clause is implicated. "The Due Process Clause of the United States Constitution prohibits a state from depriving a person of life, liberty, or property, without due process of law." *Ryce I*, 303 Kan. 899, Syl. ¶ 8. A fine involves a property interest.

In *Ryce I*, our Supreme Court determined that K.S.A. 2014 Supp. 8-1025 narrowly and unambiguously penalizes a driver for refusing to submit to a search "deemed consented to" under K.S.A. 2014 Supp. 8-1001(a). 303 Kan. at 918. Applying the text of 8-1025 to the constitutional principles regarding reasonable searches, the court concluded that the State cannot criminally punish a defendant for withdrawing his or her implied consent. 303 Kan. at 963. The same analysis applies to K.S.A. 2016 Supp. 8-1012. This statute penalizes a driver for refusing to submit to a PBT, which is a search deemed consented to under K.S.A. 2016 Supp. 8-1001(a). The State cannot criminally punish a defendant for withdrawing his or her implied consent. To the extent that K.S.A. 2016 Supp. 8-1012 criminalizes a person's right to withdraw his or her consent to what amounts to a warrantless search, the statute violates a suspect's Fourth and Fourteenth Amendment rights and § 15 of the Kansas Constitution Bill of Rights.

The State asserts that K.S.A. 2016 Supp. 8-1012, unlike K.S.A. 2016 Supp. 8-1025, is narrowly tailored to serve its compelling interests in both combatting and penalizing drunk driving and in protecting public safety on the roads. Specifically, the State argues that K.S.A. 2016 Supp. 8-1012 is narrowly tailored to serve the criminal justice interests, to serve public safety, and to protect the safety of testing personnel.

In arguing that the statute is narrowly tailored to serve the criminal justice interests, the State points out that unlike with an evidentiary breath test, where an officer already has probable cause to believe that a driver is operating a vehicle while under the

14

influence, the PBT statute only requires reasonable suspicion. In *Ryce I*, our Supreme Court determined that "[g]iven the availability of a warrant, we question whether 8-1025 is narrowly tailored." 303 Kan. at 959. The State points out that a warrant is not an available tool for a PBT as the test only requires reasonable suspicion in the first place.

We do not see this argument as helping the State's cause. A PBT is a search subject to the strictures of the Fourth Amendment. *Jones*, 279 Kan. at 76. A search, absent voluntary consent, ordinarily requires probable cause, not reasonable suspicion. See U.S. Const. amend. IV (no search warrant shall issue but upon probable cause); *State v. Mullen*, 304 Kan. 347, 353, 371 P.3d 905 (2016) (affidavit in support of a search warrant requires probable cause). Thus, to the extent that K.S.A. 2016 Supp. 8-1012(b) is premised on reasonable suspicion, it appears that the statute is based on an incorrect constitutional standard. The fact that a PBT only requires reasonable suspicion makes a driver's free and voluntary consent to such a search all the more vital.

In arguing that K.S.A. 2016 Supp. 8-1012 is narrowly tailored to serve public safety, the State points out that although there are civil penalties such as driver's license suspension available to the State when a driver refuses an evidentiary breath test, there is no civil penalty available to the State when a driver refuses a PBT. Again, we do not see this argument as helping the State's cause. It is the statutory provision that criminalizes a person's right to withdraw his or her consent to a search that runs afoul of constitutional safeguards. It appears that if the Legislature chose to take such action, it would be free to impose a civil penalty such as a driver's license suspension for a driver who refuses consent to a PBT without violating the driver's constitutional rights. See *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 835, 888 P.2d 832 (1995) (recognizing the purpose of the implied consent law is to coerce submission to chemical testing through the use of statutory penalties such a driver's license suspension).

15

The State also points out that the PBT is of limited evidentiary value and the results of the test are inadmissible in any civil or criminal action except to aid in determining a challenge to the validity of a DUI arrest. While this point may be true, it does not change the fact that a PBT constitutes a warrantless search conducted without probable cause and not incident to an arrest. Again, it is the statutory provision that criminalizes a person's right to withdraw his or her consent to a search that runs afoul of constitutional safeguards. The screening test itself is not the problem provided that it is based on consent that can be deemed free and voluntary. Remove the criminal sanction for a test refusal and the PBT may well be a valid tool to combat drunk driving. Also, law enforcement officers still have a wide range of field sobriety tests that may be used to help determine whether there is probable cause to arrest a suspect for DUI.

Our Supreme Court in *Ryce I* concluded: "We do not find 8-1025 to be narrowly tailored. It is impermissibly broad because it allows the State to punish those who refuse a search that is *not* grounded in the Fourth Amendment." 303 Kan. at 963. K.S.A. 2016 Supp. 8-1012 suffers the same problem. We are not persuaded by the State's assertion that K.S.A. 2016 Supp. 8-1012 meets constitutional muster because the statute is narrowly tailored to serve a compelling state interest.

To sum up, we hold that K.S.A. 2016 Supp. 8-1012 is unconstitutional for the same reasons that K.S.A. 2016 Supp. 8-1025 was found to be unconstitutional in *Ryce I* and *Ryce II*, i.e., the statute criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest. As a result, Robinson's conviction for refusal to submit to a PBT in violation of K.S.A. 2016 Supp. 8-1012 is reversed and his sentence for that conviction is vacated. This opinion does not address the issue of whether any evidence must be suppressed following a driver's arrest that is based in part on the use of a PBT.

16

Robinson does not challenge his DUI conviction on appeal. However, Robinson argues that the district court erred by using his prior out-of-state DUI convictions to sentence him as a fourth or subsequent DUI offender. Robinson did not challenge the use of his prior DUI convictions to enhance his sentence in district court. But as the State acknowledges, the issue can be raised for the first time on appeal because the improper classification of Robinson's prior convictions results in an illegal sentence which the court can correct at any time. See K.S.A. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Resolution of Robinson's claim requires statutory interpretation, and our standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

At sentencing, Robinson's PSI report indicated that he had been convicted of four DUI offenses in California and three DUI offenses in Arizona. Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), Robinson argues that the elements of his Arizona DUI offenses were broader than the offenses criminalized under the Kansas DUI statute, meaning the district court should not have considered his Arizona DUI convictions to enhance his sentence. As to the California convictions, Robinson argues that "[b]ecause not all the ways of committing a California DUI contain elements that are identical to (or narrower than) those of a Kansas DUI, the district court should not have scored [his] four California DUI[s] as prior convictions . . . without first utilizing the modified categorical approach." Thus, Robinson asks this court to remand for resentencing for the district court to determine whether it can consider the California DUI convictions.

The State has filed a notice of concession that Robinson's Arizona DUI convictions were based on a statute that does not have a comparable offense in Kansas;

thus, the district court should not have used the Arizona convictions to enhance Robinson's DUI sentence. As to the California convictions, the State first argues that based on information contained in Robinson's PSI report, three of the prior California DUI offenses were most likely committed under subsections of the statute that are identical to portions of the Kansas DUI statute. Alternatively, the State asks this court to remand for a hearing for the district court to determine whether it can use Robinson's California convictions to enhance his DUI sentence.

We reject the State's assertion that the information in Robinson's PSI report is sufficient to determine the basis of his prior convictions, as the PSI report is not evidence of an official conviction. Because the State concedes that the Arizona convictions cannot be used to enhance Robinson's DUI sentence, we agree with both parties that we should remand for the district court to determine whether Robinson's prior California DUI convictions can be used to enhance his sentence under the Kansas DUI statute based upon either the categorical or the modified categorical approach as addressed in *Descamps*. Finally, because we already are remanding for resentencing on the DUI conviction, we do not need to reach Robinson's final issue that the district court erred when it imposed the mandatory $2,500 fine for his DUI conviction without first considering community service as an alternative method of paying the fine.

Reversed in part, vacated in part, and remanded with directions.

18