NOT DESIGNATED FOR PUBLICATION

No. 122,669

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF EUREKA, KANSAS,
*Appellee*,

v.

STEVEN CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID A. RICKE, judge. Opinion filed June 11, 2021.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*James D. Watson*, city attorney, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: This is an appeal by Steven Clark of the district court's denial of his
motion to suppress evidence, which resulted in Clark's conviction for driving under the
influence of alcohol (DUI). Clark asserts the district court erred because the arresting
officer did not have probable cause to arrest him for DUI. Upon our review, we hold the
district court's factual findings were supported by substantial competent evidence and the
court did not err in concluding as a matter of law that the arresting officer had probable
cause to believe that Clark committed the offense of DUI. Accordingly, the conviction is
affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

This factual background is summarized from testimony presented at the pretrial hearing on Clark's motion to suppress evidence. Additionally, a law enforcement bodycam video of the on-scene DUI investigation was viewed by the court.

Mike Cordell is a sergeant with the Greenwood County Sheriff's Office. At the time of trial, he had 15 years of law enforcement experience with 2 1/2 years as a police officer employed by the county. Sergeant Cordell was on patrol at about 9 p.m. on May 7, 2018, when he noticed a semi-trailer truck parked alongside the road with its hazard lights illuminated. The officer also noticed a pickup truck parked beside the road.

Upon investigating, Sergeant Cordell learned that a propane tank had rolled from the bed of the pickup truck driven by Clark, which caused an accident with the semi-trailer truck. Clark advised Sergeant Cordell that as he turned onto the roadway, the propane tank rolled out of the truck bed and onto the road. Before Clark could retrieve the propane tank from the road, the semi-trailer truck struck it.

Sergeant Cordell detected a strong odor of alcohol on Clark's breath as he spoke with him. He also observed that Clark's eyes were bloodshot and watery, with a sweaty reddened face although it was a cool evening. When asked, Clark admitted to drinking four beers while golfing that day, one of which he drank immediately before leaving a location just before the accident. Sergeant Cordell noted there were three coolers and numerous open and empty beer cans in the bed of the pickup truck.

Sergeant Cordell asked Clark to perform standard field sobriety tests. Clark first performed the walk-and-turn test. According to Sergeant Cordell, this test may provide eight possible clues of intoxication. During Clark's walk-and-turn test, Sergeant Cordell noted two clues. First, Clark began the test before Sergeant Cordell instructed him to

2

begin. Second, Clark took an extra step at the end of the test. Sergeant Cordell also noticed that Clark turned incorrectly, but he did not count that as a clue of intoxication. Next, Clark performed the one-leg-stand test which he passed.

Sergeant Cordell asked Clark to take a preliminary breath test (PBT). In providing Clark with advisories about taking the test, the officer told Clark that if he refused to take the PBT, he would be charged with a traffic infraction. Sergeant Cordell acknowledged that he was later trained that he should not give that particular advisory. According to Sergeant Cordell, Clark seemed apprehensive about taking the test and never expressly said he wanted to take it. Ultimately, Clark took the PBT which revealed a reading greater than the legal limit. Clark was arrested for driving under the influence of alcohol. A subsequent search inside the pickup truck revealed an open container which appeared to contain beer that was cold to the touch.

On June 17, 2019, Clark was convicted of DUI in Eureka Municipal Court. He appealed his conviction to the Greenwood County District Court. In the district court, Clark filed a motion to suppress and sought to exclude the incriminating evidence obtained after his arrest. On October 17, 2019, after the evidentiary hearing on the motion to suppress, the district court denied the motion.

At the outset, the district court ruled the evidence of the PBT was inadmissible because Sergeant Cordell improperly advised Clark that he could be charged with a traffic infraction if he declined to take the PBT. As a consequence, the district court ruled that "the Court does believe that it cannot consider any result from the preliminary breath test that was taken in the field due to the inherently coercive nature which led to [its] taking in the first place."

In denying the motion to suppress, the district court found the following evidence to support a finding of probable cause:

"[T]he officer . . . found three coolers with numerous beer cans in the truck of the defendant, both open and empty. When he got within speaking distance, he detected a strong odor, which is consistent with the ingestion of alcoholic beverages. The Court does not find particular significance in any of the facial reading that was done in the case, . . . . However, the Court does find that[] it['s] well established that bloodshot eyes can be a definite indicator of alcohol ingestion. That was noted in this case by the officer."

The district court also found that Clark failed the walk and turn test by taking too many steps but assessed this failure as "a very minor indicator in the whole scheme of things."

According to the district judge:

"The strongest indicator of probable cause in this case stems from the defendant's own admission that he had drank four beers. . . . This defendant clearly admitted he had drank four [beers]. That in and of itself indicates to the Court a substantial amount of alcohol ingestion on that date. . . . I think [the officer] can reasonably . . . rely on the number of beers that the defendant admits that he had."

Based on the totality of circumstances, the district court denied the motion to suppress concluding that Sergeant Cordell had probable cause to make an arrest for DUI.

On November 26, 2019, the district court held a bench trial based on stipulated facts. The parties stipulated that on May 7, 2018, at 9 p.m., Clark drove his truck in Eureka. Sergeant Cordell smelled a strong odor of alcohol on Clark's breath; Clark's eyes appeared bloodshot and watery; Clark admitted to drinking four beers while golfing; and Clark's truck had multiple empty beer cans and coolers in the bed of the truck. During the standard field sobriety tests, Clark failed the walk-and-turn test and passed the one-leg-stand test. Sergeant Cordell arrested Clark for DUI. A subsequent evidentiary breathalyzer test revealed that Clark had an alcohol concentration of 0.08 or more.

4

After considering the stipulated facts, the district court found Clark guilty of DUI and sentenced him to 180 days in jail. The sentence was suspended pending Clark's successful completion of 12 months' probation and serving 48 hours in jail. Clark was also fined $750. Clark appeals his conviction.

ANALYSIS

On appeal, Clark contends Sergeant Cordell did not have probable cause to conclude that Clark drove his pickup truck under the influence of alcohol. As a result, he argues the incriminating evidence should have been suppressed at trial in keeping with the exclusionary rule.

Preliminarily, after the district court denies a motion to suppress evidence, the moving party ordinarily must object to the introduction of that evidence when it is offered at trial to preserve the issue for appeal. *State v. Dupree*, 304 Kan. 43, 62, 371 P.3d 862 (2016). As part of the stipulated trial facts, the parties agreed that Clark renewed his objection to the admission of evidence and that the issue was preserved for appeal.

Next, we consider our standard of review. In reviewing a district court's ruling on a motion to suppress, Kansas courts apply a bifurcated standard. *State v. Galloway*, 311 Kan. 238, 245, 459 P.3d 195 (2020); *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). The appellate court accepts the district court's factual findings if the facts are supported by substantial competent evidence and reviews the legal conclusions de novo. 304 Kan. at 274. Because the Fourth Amendment is implicated here, the City bears the burden of proving the search was constitutionally acceptable by a preponderance of the evidence. See 304 Kan. at 274.

The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights protect individuals from unreasonable searches and seizures,

and breath tests administered by law enforcement officers are searches. *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160, 2184, 195 L. Ed. 2d 560 (2016) (holding warrantless breath test is permissible if it stems from a valid search incident to arrest); *State v. Ryce*, 306 Kan. 682, 699-700, 396 P.3d 711 (2017). In a DUI case, the answer to whether there is probable cause to arrest the defendant will depend on the officer's factual basis for concluding that the defendant was intoxicated at the time of arrest. *City of Dodge City v. Norton*, 262 Kan. 199, 203, 936 P.2d 1356 (1997).

The question presented is whether Sergeant Cordell had probable cause to believe that Clark operated his pickup truck while intoxicated. Our Supreme Court recently reprised the definition of probable cause:

> "'Probable cause is the reasonable belief that a specific crime has been committed and that the defendant committed the crime. Probable cause exists where the facts and circumstances with the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.
> "'When determining whether probable cause exists, an appellate court considers the totality of the circumstances, including all of the information in the officer's possession, fair inferences therefrom, and any other relevant facts, even if they may not be admissible on the issue of guilt.' [Citations omitted.]" *State v. Chavez-Majors*, 310 Kan. 1048, 1055, 454 P.3d 600 (2019).

We begin our analysis of the probable cause question by noting that the district court did not consider the incriminating reading from the PBT as a factor in the probable cause calculus. See *State v. Robinson*, 55 Kan. App. 2d 209, Syl. ¶ 2, 410 P.3d 923 (2017) (K.S.A. 2016 Supp. 8-1012—which provides that a driver's refusal to take a PBT upon request commits a traffic violation—is unconstitutional because the statute criminalizes a person's right to withdraw his or her consent to a warrantless search.).

The City mentions that Sergeant Cordell was under a good-faith belief that K.S.A. 2017 Supp. 8-1012 was constitutional when he requested Clark to give a breath sample and Clark's hesitancy to take the PBT did not amount to a refusal. The City, however, failed to file a notice of cross-appeal from the district court's adverse ruling and, as a result, this ruling is not properly before us. See K.S.A. 2020 Supp. 60-2103(h); *Lumry v. State*, 305 Kan. 545, Syl. ¶ 2, 385 P.3d 479 ("Before an appellee may present adverse rulings to the appellate court it must file a cross-appeal. If the appellee does not, the rulings are not properly before the appellate court and may not be considered."). In keeping with the district court's ruling, we will not consider Clark's PBT result as a factor contributing to Sergeant Cordell's determination of probable cause.

In denying Clark's motion to suppress evidence the district court found that under the totality of circumstances the following factors supported Sergeant Cordell's probable cause determination:

- Clark's admission to drinking four beers prior to the accident, one of which he drank immediately before leaving a location just before the accident. This admission against interest was obviously probative to the probable cause finding and incriminating evidence of DUI.
- The strong odor of alcoholic beverages on Clark's breath. Kansas caselaw is clear that the odor of alcohol suggests intoxication. *Chavez-Majors*, 310 Kan. at 1057 (citing cases).
- Clark's bloodshot eyes. Kansas appellate court decisions are rife with references to bloodshot and/or watery eyes as indicative of intoxication. See *State v. Pollman*, 41 Kan. App. 2d 20, 32, 204 P.3d 630 (2008) (evidence of bloodshot eyes is usual physical manifestation of intoxication).
- Three coolers with numerous open and empty beer cans in the bed of the pickup truck.

7

- Clark's failure to successfully perform the walk-and-turn test. See *State v. Huff*, 33 Kan. App. 2d 942, Syl. ¶ 5, 111 P.3d 659 (2005) (field sobriety testing is useful for establishing probable cause that a driver is under the influence of alcohol). After viewing the bodycam of Clark's performance on this test, the district court found:

"Part of the walk and turn test—the rationale for it is so that a person who is being tested can demonstrate to the investigating officer that they can follow instructions given. In fact, specific instructions for a specific test and then be able to perform it. So, it's not only a physical indicator, but it's also an indicator of mental processes as well. Can this person who's being instructed follow the directions given, both physically and mentally. Clearly, Mr. Clark in this case took an extra step. According to the protocols followed by the officer due to NHTSA instruction that he had received, that is an incorrect number of steps and is a valid indicator of violation of the walk and turn test. He failed it . . . according to the officer and the Court accepts this. However, with that said, this is a very minor indicator in the whole scheme of things."

On appeal, Clark contends the district court erred in four ways. First, Clark asserts that the totality of factors which the district court found provided a basis for a probable cause finding were insufficient. Moreover, Clark notes the district court made no finding that he had difficulty obtaining his license or proof of insurance, maintaining his balance, or "any other cues of intoxication other than the bloodshot eyes and odor of alcohol."

Still, while the district court is required to consider the totality of circumstances, "[a] number of other Kansas cases similarly hold that competing evidence of sobriety does not negate initial evidence of intoxication" *State v. Edgar*, 296 Kan. 513, 524, 294 P.3d 251 (2013) (citing cases). The district court had considerable evidence available to it in consideration of the probable cause question, including the bodycam video recording Clark at the time that Sergeant Cordell was conducting his DUI investigation. It is

8

apparent from the district court's findings that it considered the totality of circumstances relevant to the probable cause question.

Second, Clark asserts that he did not fail the walk-and-turn test. Upon our independent review of the evidence, however, we are persuaded that the district court did not err in concluding that Clark failed the test. Regardless, as noted earlier, the district court considered this field sobriety test result as a minor indicator when compared to the other indicators of intoxication.

Third, Clark complains that his consent to the PBT was involuntary. But as discussed above, the district court did not err in excluding evidence of the PBT result at the hearing on Clark's motion to suppress. Since the district court specifically excluded the incriminating PBT result in its probable cause analysis, Clark's complaint is without merit.

Finally, Clark objects to the district court's characterization that consuming four beers is a substantial amount of alcohol and that Clark likely consumed more than four beers. As mentioned earlier, the district judge found:

> "The strongest indicator of probable cause in this case stems from the defendant's own admission that he had drank four beers. . . . This defendant clearly admitted he had drank four. . . . I think [the officer] can reasonably . . . rely on the number of beers that the defendant admits that he had. . . . Four beers were admitted by this defendant."

In addition to the finding that Clark admitted to drinking four beers before the accident, the district court characterized this amount as "substantial" and also commented that "[t]he Court has seen many, many instances where a person who has drank much, much more, claims they've had a couple of beers or two or three beers." Having reviewed the entire findings and remarks the district court made at the conclusion of the suppression hearing, we are persuaded that the district court found that Clark admitted to

9

consuming four beers. Moreover, there was also testimony that Clark drank his last beer shortly before the accident. We find substantial competent evidence to support the finding that Clark consumed four beers.

The district court's characterization of drinking four beers as "substantial" was not a specific factual finding—Clark's admission to drinking four beers constituted the factual finding. Additionally, the district court's extraneous comment about other cases wherein defendants underestimated the number of alcoholic beverages they admitted to consuming was also not a factual finding in this case. It was a passing, inessential aside about other cases—not this one. As a result, we find no error in the district court's evaluation of Sergeant Cordell's testimony about Clark's admission to drinking four beers prior to the accident.

In conclusion, appellate courts do not reweigh the evidence, assess the credibility of witnesses, or resolve conflicts in evidence when reviewing a district court's findings for substantial competent evidence. *State v. Douglas*, 309 Kan. 1000, 1002, 441 P.3d 1050 (2019). Here, we find substantial competent evidence to support the district court's factual findings. We further hold the district court did not err in its legal conclusion that Sergeant Cordell had probable cause to arrest Clark for DUI. Accordingly, incriminating evidence obtained incident to the arrest was admissible at trial. The district court did not err in its denial of Clark's motion to suppress evidence.

Affirmed.