No. 118,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES FORREST,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a law enforcement officer has reasonable grounds for a particular action involves a mixed question of law and fact. As for whether reasonable grounds existed for an officer to believe a person was driving under the influence, we review the district court's factual findings to determine whether the findings are supported by substantial competent evidence. Although we defer to the district court's factual findings if substantial evidence supports them, an appellate court must independently review the ultimate legal conclusion regarding whether an officer had reasonable grounds.

2.

Under Kansas law, any person who operates or attempts to operate a vehicle within the state is deemed to have given consent to submit to a test to determine the presence of alcohol or drugs.

3.

Under Kansas law, an officer shall request a person to submit to an evidentiary breath test if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle under the influence of alcohol or drugs, or both, and the

person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution, or city ordinance.

4.

Reasonable grounds is the equivalent of probable cause. Probable cause is determined by evaluating the totality of the circumstances, giving consideration to the information and fair inferences therefrom, known to the officer at the time of arrest, with no rigid application of factors.

5.

A fact-finder cannot disregard undisputed evidence that is not improbable, unreasonable, or untrustworthy. Such evidence must be regarded as conclusive.

6.

In *State v. Robinson*, 55 Kan. App. 2d 209, Syl. ¶ 2, 410 P.3d 923 (2017), this court held that K.S.A. 2016 Supp. 8-1012 is unconstitutional to the extent that the statute criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling interest. But this holding does not mean that a court cannot consider a person's preliminary breath test (PBT) refusal as part of the reasonable grounds analysis. The PBT is still a valid tool for a law enforcement officer to use in investigating a person for driving under the influence, but the officer should no longer warn the person that refusal to submit to testing is a traffic infraction.

Appeal from Russell District Court; MIKE KEELEY, judge. Opinion filed July 6, 2018. Reversed and remanded with directions.

*John D. Shultz*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

MALONE, J.: For the second time, the Kansas Department of Revenue (KDR) appeals the district court's decision to set aside the administrative suspension of James Forrest's driver's license based on a breath test failure. In the first appeal, this court reversed the district court because it incorrectly placed the burden on the KDR and it improperly disregarded Forrest's preliminary breath test (PBT) refusal. On remand, the district court corrected these errors but still found that the arresting officer lacked reasonable grounds to request that Forrest submit to testing. Although these errors were corrected, we once again reverse the district court's judgment because some of the district court's factual findings were unsupported by substantial evidence and because the district court ignored uncontroverted evidence which provided the arresting officer with reasonable grounds to believe that Forrest was driving under the influence (DUI).

FACTS

On October 11, 2014, Russell Police Officer Travis Peck observed Forrest's vehicle stopped in the middle of the road, a traffic infraction. As he continued to monitor the situation, Peck observed Forrest roll through two stop signs, also traffic infractions. At that point, Peck activated his emergency lights and stopped Forrest's vehicle. Coincidentally, Forrest was in front of his house so he stopped in his driveway. Without being asked, Forrest exited his vehicle. Peck detected an odor of alcohol as he approached Forrest. During their conversation, Peck noted that Forrest slurred his speech and he admitted to consuming alcohol. At some point during the encounter, Peck observed an open beer can in the console of Forrest's vehicle.

Peck requested that Forrest perform two field sobriety tests. Before his attempts, Forrest told Peck that he had a knee problem that would make performing the tests difficult. Still, Forrest completed each test. For the walk-and-turn test, Forrest presented

3

four clues. For the one-leg-stand test, Forrest exhibited three clues. Eventually, Peck asked Forrest to submit to a PBT, but Forrest refused.

Peck then arrested Forrest for DUI. At the police station, Forrest consented to take an evidentiary breath test. The test result was .118, putting him over the legal limit. Based on this test failure, the KDR suspended Forrest's driver's license, and an administrative hearing officer later upheld the suspension.

On January 21, 2015, Forrest filed a petition for judicial review. The petition claimed that Peck lacked reasonable grounds to believe that Forrest was DUI and that Peck had an insufficient basis to request an evidentiary breath test. The district court held a trial de novo on November 18, 2015. Peck was the sole witness and he testified to the above facts. Because Peck had a difficult time remembering much of the encounter, the KDR admitted his police reports as past recollection recorded.

After hearing the evidence, the district court set aside the KDR's suspension of Forrest's driving privileges, finding that Peck lacked reasonable grounds to believe that Forrest was DUI and to request a breath test. In its order, the district court placed the burden on the KDR to show there was reasonable grounds for Peck to request the breath test. The district court also disregarded Forrest's PBT refusal because there was no evidence that the PBT machine was functioning properly. The KDR appealed this order.

On appeal, this court reversed based on two errors. First, this court ruled that the district court improperly placed the burden of proof on the KDR to show that Peck had reasonable grounds to request the breath test. *Forrest v. Kansas Dept. of Revenue*, No. 115,532, 2017 WL 2399475, at *2 (Kan. App. 2017) (unpublished opinion). Second, this court ruled that the district court should not have disregarded the PBT refusal simply because there was no evidence that the machine was functioning properly. 2017 WL 2399474, at *2. This court remanded for the district court to reevaluate the trial evidence

4

placing the burden of proof on Forrest and according the PBT refusal such weight as may be appropriate in conjunction with the other evidence. 2017 WL 2399475, at *3.

On remand, the district court filed an order on July 17, 2017, that reached the same outcome based on the evidence from the previous trial. This time the district court placed the burden of proof on Forrest, and the district court considered the PBT refusal as evidence. Still, the district court found that Peck only observed Forrest do a rolling stop and he observed no other traffic violations. The district court also found that Forrest's knee problem accounted for his poor performance during the field sobriety tests. Based on those findings, the district court concluded that Peck had no reasonable grounds to ask Forrest to submit to the breath test and again set aside the suspension of Forrest's driving privileges. Once again, the KDR appealed the district court's decision.

ANALYSIS

As the sole issue on appeal, the KDR claims that Peck did in fact have reasonable grounds to believe that Forrest was DUI before seeking an evidentiary breath test. Forrest asserts there was substantial competent evidence to support the district court's decision that Peck lacked reasonable grounds to request an evidentiary breath test.

Appeals from the administrative suspension of driver's licenses are subject to review under the Kansas Judicial Review Act. K.S.A. 2017 Supp. 77-601 et seq. See K.S.A. 2017 Supp. 8-259(a); *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 516, 213 P.3d 1061 (2009). Forrest bears the burden of proving the invalidity of the agency action. K.S.A. 2017 Supp. 77-621(a)(1) ("The burden of proving the invalidity of agency action is on the party asserting invalidity.").

Whether a law enforcement officer has reasonable grounds for a particular action involves a mixed question of law and fact. As for whether reasonable grounds existed for

5

Peck to believe Forrest was DUI, we review the district court's factual findings to determine whether the findings are supported by substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012) (citing *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 657, 256 P.3d 845 [2011]). "'Substantial competent evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.'" *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014). Although we defer to the district court's factual findings if substantial evidence supports them, an appellate court must independently review the ultimate legal conclusion regarding whether an officer had reasonable grounds. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, Syl. ¶ 1, 233 P.3d 286 (2010).

Turning to the single issue on appeal, the KDR claims that Peck did in fact have reasonable grounds to believe that Forrest was DUI before seeking an evidentiary breath test. The district court found that Peck observed Forrest commit no traffic violations other than a single rolling stop. The district court also discounted the evidence of the field sobriety tests because Forrest said he had a knee problem. Based on those findings the district court concluded that Peck lacked reasonable grounds to believe Forrest was DUI.

Under Kansas law, any person who operates a vehicle within the state is deemed to have given consent to submit to a test to determine the presence of alcohol or drugs. K.S.A. 2017 Supp. 8-1001(a). Law enforcement officers can conduct these tests if certain statutory conditions are present. K.S.A. 2017 Supp. 8-1001(b) provides in part:

> "(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a): (1) If, at the time of the request, the officer has *reasonable grounds to believe* the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . and one of the following conditions exists: (A) The person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution or city ordinance." (Emphasis added.)

6

Under the statute, an officer shall request a person to submit to an evidentiary breath test if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle under the influence of alcohol or drugs, or both, and the person has been arrested or otherwise taken into custody for any violation of any state statute, county resolution, or city ordinance. Reasonable grounds is the equivalent of probable cause. See *Swank*, 294 Kan. at 881. "'Probable cause is determined by evaluating the totality of the circumstances,' giving consideration to 'the information and fair inferences therefrom, known to the officer at the time of arrest,' with 'no rigid application of factors.'" 294 Kan. at 881 (quoting *Allen*, 292 Kan. at 656-57).

To support its claim that Peck had reasonable grounds to request an evidentiary breath test, the KDR relies heavily on *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 242 P.3d 1179 (2010). In that case, the KDR suspended Smith's driver's license for failing an evidentiary breath test. The district court upheld the suspension. On appeal to our Supreme Court, Smith argued, among other things, that the arresting officer lacked reasonable grounds to believe that he was DUI. In rejecting Smith's argument, our Supreme Court found that the following facts amounted to reasonable grounds for an officer to believe that Smith was DUI:

> "(1) [S]melling alcohol upon his initial contact with Smith; (2) observing Smith had bloodshot and watery eyes; (3) Smith's admission to having a few drinks that evening; (4) Smith's admission that his last drink was approximately 30 minutes before his contact with the trooper; (5) the smell of alcohol wafting from Smith's truck; (6) viewing an open container in Smith's truck; (7) Smith's difficulty with a prefield sobriety test; (8) Smith presenting two clues on the walk-and-turn field sobriety test; and (9) Smith presenting one clue on the one-leg stand field sobriety test." 291 Kan. at 518-19.

Similarly, in this case, (1) Peck observed Forrest commit multiple traffic infractions by failing to stop at two stop signs and by being stopped in the middle of the road; (2) Peck smelled alcohol upon contact with Forrest; (3) Forrest had slurred speech;

7

(4) Forrest admitted to consuming alcohol; (5) Peck observed an open beer can in the console of Forrest's vehicle; and (6) Forrest presented four clues on the walk-and-turn test and three clues on the one-leg-stand test. Peck then asked Forrest to submit to a PBT, which Forrest refused, and Peck ultimately arrested him for DUI.

In setting aside Forrest's driver's license suspension, the district court made some findings of fact that were unsupported by substantial evidence. For instance, the district court found that Peck observed Forrest commit a single rolling stop but "observed no other traffic violations." In fact, Peck testified that he observed Forrest's vehicle stopped in the middle of the road, a traffic infraction. As he continued to monitor the situation, Peck observed Forrest roll through two stop signs, also traffic infractions.

The district court also found that Forrest told Peck "he had a problem with his knee, and in fact, had a knee brace on, which the officer ignored and did not determine if that had any effect on the walk-and-turn test or the one-leg-stand test." This finding is not entirely supported by the evidence. Forrest told Peck that he had a knee problem that would make performing the tests difficult. Although Peck remembered that Forrest said he had a knee brace, Forrest did not say that he was wearing the knee brace and Peck did not observe a knee brace. Also, Peck testified on recross examination that he considered Forrest's knee problem when evaluating his performance on the field sobriety tests.

More importantly, in setting aside Forrest's driver's license suspension, the district court ignored substantial uncontroverted evidence supporting reasonable grounds for Peck to believe that Forrest was DUI, including the odor of alcohol, Forrest's slurred speech, Forrest's admission to consuming alcohol, and Peck's observation of an open beer can in the console of Forrest's vehicle. The district court never mentioned any of this evidence in its July 17, 2017 order. "[A] factfinder cannot disregard undisputed evidence that is not improbable, unreasonable, or untrustworthy. Such evidence must be regarded as conclusive." *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 515, 154 P.3d 494 (2007).

8

Although we defer to the district court's factual findings if substantial evidence supports them, an appellate court must independently review the ultimate legal conclusion regarding whether an officer had reasonable grounds to request breath testing. *Poteet*, 43 Kan. App. 2d 412, Syl. ¶ 1. Based on our review of the record, and comparing this case to *Smith*, we find that Peck had reasonable grounds to believe that Forrest was DUI to justify his request for breath testing—even if we were to disregard the field sobriety tests because of Forrest's knee problem. In short, the district court viewed the undisputed evidence presented at the bench trial much too narrowly, in contravention of its duty to evaluate the totality of the circumstances. See *Swank*, 294 Kan. at 881.

Forrest now argues that the PBT refusal should be excluded from any reasonable grounds determination because this court recently found K.S.A. 8-1012 unconstitutional in *State v. Robinson*, 55 Kan. App. 2d 209, Syl. ¶ 2, 410 P.3d 923 (2017). We disagree. In *Robinson*, this court held that K.S.A. 2016 Supp. 8-1012 is unconstitutional to the extent that the statute criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest. 55 Kan. App. 2d 209, Syl. ¶ 2. Stated differently, it is unconstitutional for the State to impose a criminal penalty upon a driver for refusing to submit to a PBT. But this holding does not mean that a court cannot consider a driver's PBT refusal as part of the reasonable grounds analysis. The PBT is still a valid tool for a law enforcement officer to use in investigating a possible DUI, but the officer should no longer warn the driver that refusal to submit to testing is a traffic infraction. An officer may draw a negative inference from a driver's refusal to take a PBT. The refusal amounts to circumstantial evidence that the driver knows he or she has been drinking and likely will fail the test. See K.S.A. 2017 Supp. 8-1001(n) (driver's refusal of evidentiary breath test is admissible evidence at trial); *Chambers v. Kansas. Dept. of Revenue*, No. 115,141, 2017 WL 1035442, at *5 (Kan. App. 2017) (unpublished opinion) (driver's refusal of PBT can be considered in determining existence of reasonable grounds).

To sum up, in deciding to set aside Forrest's driver's license suspension, the district court made factual findings that were unsupported by substantial evidence. More importantly, the district court ignored substantial uncontroverted evidence supporting reasonable grounds for Peck to believe that Forrest was DUI. Based on the totality of the circumstances, we conclude that Peck had reasonable grounds to believe that Forrest was DUI to justify his request for breath testing. Thus, we reverse the district court's judgment and remand with directions for the district court to uphold the administrative suspension of Forrest's driver's license.

Reversed and remanded with directions.