NOT DESIGNATED FOR PUBLICATION

No. 119,950

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LYNN E. EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed November 15, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM:  Lynn E. Evans appeals from his conviction for driving under the influence (DUI). He contends that the trooper was without probable cause to arrest him for DUI. Because the trooper did not arrest him for DUI, we reject this argument. As a result, we affirm.

On September 13, 2015, at 2:51 p.m., Trooper Pat McCormack was patrolling I-135 in Wichita when he saw Evans driving 111 mph in a clearly marked 60-mph zone.

1

McCormack initiated a traffic stop. Evans decelerated so quickly that McCormack had to move into the next lane to keep from rear-ending Evans. As a result, Evans' car ended up behind McCormack's car. McCormack pulled over to the right shoulder and Evans parked behind him.

Trooper McCormack walked up to Evans' car and asked Evans for his driver's license. Evans told McCormack that he did not have his driver's license with him. McCormack noticed a slight odor of alcohol about Evans' person. McCormack immediately arrested Evans for driving without a driver's license. McCormack was also investigating whether to cite Evans for reckless driving.

Trooper McCormack placed Evans in his police vehicle and checked Evans' driving record. The trooper learned that Evans' driving privileges had been restricted, requiring an ignition interlock device. No interlock device was visible in Evans' vehicle, and the vehicle started without requiring a breath sample. While Evans was sitting in the trooper's vehicle, the trooper noticed that the odor of alcohol became very strong. The trooper saw that Evans' eyes were also bloodshot.

When Trooper McCormack asked Evans to submit to a preliminary breath test (PBT), Evans refused. McCormack did not ask Evans to perform field sobriety tests because Evans was already under arrest and because of the unsafe traffic conditions on the roadway.

At the Sedgwick County jail, Trooper McCormack asked Evans to submit to an evidentiary breath test after reading him the required advisories under K.S.A. 2015 Supp. 8-1001. Evans consented to testing. His breath alcohol level measured .085.

Evans had no slurred speech, no difficulty communicating, and no balance, dexterity, or coordination problems. He had no difficulty walking.

2

Evans was charged with speeding, a traffic infraction; violation of a restriction on a driver's license, a misdemeanor; refusal of a PBT, an infraction; and alterative counts of driving under the influence, a misdemeanor.

Evans moved to suppress the evidence leading to his arrest because of a lack of probable cause for the arrest. At the hearing on the motion, Trooper McCormack testified and a video of the traffic pursuit was played. The parties' arguments focused on whether there were reasonable grounds to request the evidentiary breath test. The State argued the trooper had reasonable grounds to request a breath test because of the following: Evans had committed a serious traffic infraction that threatened the safety of the officer and others, the odor of alcohol on Evans' breath, Evans' bloodshot eyes, and Evans' refusal to submit to a PBT. Evans, however, argued that the trooper did not have reasonable grounds to request the breath test. Evans further argued that speeding, the odor of alcohol, and bloodshot eyes were not enough to constitute reasonable grounds. Moreover, Evans argued that the trooper should have asked him to perform field sobriety tests.

The trial court denied the motion. Relying on the video (which is not in the record on appeal), the court noted that Evans could be seen weaving in and out of traffic lanes to maneuver around traffic, and passing cars at 111 mph—almost twice the speed limit. Once Trooper McCormack caught up to him, Evans did not immediately move over to the right-hand side of the road. Rather, he slammed on his brakes and the trooper had to suddenly move over to the next lane to avoid colliding into the back of Evans' car. After the trooper passed him, Evans drove over to the right-hand side of the road. The court also noted that the trooper arrested Evans for not having a driver's license and for a possible reckless driving violation. The court found that although Evans did not have slurred speech or problems with dexterity, his erratic driving, his strong odor of alcohol, his bloodshot eyes, and his refusal to take a PBT established reasonable grounds to request a breath test under the totality of the circumstances.

The case proceeded to a bench trial on stipulated facts. Evans was convicted of speeding, driving in violation of restrictions, and DUI. The court sentenced him to six months in jail with probation granted. Evans timely appeals.

The pertinent facts are not in dispute. When the material facts supporting a trial court's decision on a motion to suppress evidence are not in dispute, the ultimate question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018).

*Did the Trooper Have Probable Cause to Arrest Evans?*

Evans' argument on appeal is that because Trooper McCormack chose not to administer field sobriety tests, he lacked probable cause to arrest him for DUI.

Nevertheless, Evans was not arrested for DUI. Evans stipulated that he was arrested for driving without a driver's license. The trooper testified that Evans was arrested for driving without a driver's license and that is also what the court found. In his brief, Evans explicitly admits that he was arrested for driving without a driver's license and for a traffic violation: reckless driving. It was after Evans was arrested and placed in the trooper's vehicle that the trooper noticed a very strong odor of alcohol and noticed that Evans' eyes were bloodshot. Then the trooper asked Evans to take a PBT and later an evidentiary breath test.

A law enforcement officer may arrest a person for "[a]ny crime, except a traffic infraction or a cigarette or tobacco infraction, [that] has been or is being committed by the person in the officer's view." K.S.A. 22-2401(d). A person may be charged with a misdemeanor if the person fails to "have his or her driver's license in his or her immediate possession at all times when operating a motor vehicle, and . . . display the same, upon

4

demand of any officer of a court of competent jurisdiction or any peace officer." K.S.A. 8-244; K.S.A. 8-268.

The statute which gave the trooper authority to request that Evans take an evidentiary breath test required an arrest, but not necessarily an arrest for DUI. An arrest for a violation of any state statute was sufficient:

> "(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a): (1) If, at the time of the request, the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . and one of the following conditions exists: (A) *The person has been arrested* or otherwise taken into custody *for any violation of any state statute*, county resolution or city ordinance." (Emphasis added.) K.S.A. 2015 Supp. 8-1001(b).

Evans' contention that the trooper did not have probable cause to arrest him for DUI cannot alone provide him with a valid avenue for relief because he was not arrested for DUI. To the contrary, substantial competent evidence showed that Evans was lawfully arrested for failing to produce a driver's license. Thus, Evans' argument fails.

*Did the Trooper Have Reasonable Grounds to Request an Evidentiary Breath Test?*

In making his argument that there was no probable cause for a DUI arrest, Evans does incidentally contend that the trooper did not even have reasonable grounds to request further testing. Evans states, for example:

> "Further, Evans did not exhibit any of the other characteristics sometimes listed in cases holding that there was probable cause for an arrest *or, even, reasonable grounds for further testing.* He did not display any poor motor skills, such as fumbling for his driver's license. He had no open containers in his car. He was able to understand and respond appropriately to questions. Without the relatively objective assessment of the field

5

sobriety tests, McCormack had no probable cause to arrest Evans for DUI, and the district court erred when it concluded otherwise." (Emphasis added.)

Making a point incidentally in a brief is akin to failure to brief the issue. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). Nevertheless, for the sake of argument, we will consider this issue.

An officer may request a person submit to an evidentiary breath test if the officer has reasonable grounds to believe the person was driving under the influence and has lawfully arrested the person. K.S.A. 2015 Supp. 8-1001(b); *State v. Kraemer*, 52 Kan. App. 2d 686, 694, 371 P.3d 954 (2016). The officer may develop reasonable grounds after the person has been lawfully arrested but before the request to take a breath test. Field sobriety tests are not necessary to establish probable cause. See *State v. Wagner*, No. 112,730, 2015 WL 6620621, at *7 (Kan. App. 2015) (unpublished opinion).

Reasonable grounds under K.S.A. 2015 Supp. 8-1001(b) is "strongly related to the standard for determining probable cause." *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013). Kansas courts use probable cause standards when reviewing whether an officer had reasonable grounds to request an evidentiary test. *Rosendahl v. Kansas Dept. of Revenue*, 310 Kan. 474, Syl. ¶ 3, 447 P.3d 347 (2019). Probable cause to arrest means "the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime." *Johnson*, 297 Kan. at 222.

Here, the trial court ruled that the trooper had reasonable grounds to request an evidentiary breath test based on the following:  Evans' "erratic driving" and "serious traffic infraction"—weaving in and out of lanes of traffic to maneuver around traffic

going 111 mph in a 60-mph zone; Evans' strong odor of alcohol; Evans' bloodshot eyes; and Evans' refusal to take a PBT.

Subjective observations such as odor of alcohol and bloodshot eyes that indicate a person has consumed alcohol, but is not necessarily intoxicated, are insufficient alone to establish probable cause that a person is under the influence of alcohol. See *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1221, 442 P.3d 1038 (2019) (no reasonable grounds based on "'some odor'" of alcohol and admission to drinking when alcohol did not affect defendant's behavior, demeanor, or performance on tests); *City of Wichita v. Molitor*, 301 Kan. 251, 266-69, 341 P.3d 1275 (2015) (no reasonable suspicion that defendant was DUI when subjective observations of strength of alcohol odor and condition of driver's eyes were offset by objective indications that he was not intoxicated—no slurring of words or balance/dexterity issues, and passed two field sobriety tests, though he ran into the curb while stopping his vehicle); *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 22-23, 290 P.3d 555 (2012) (no probable cause to arrest for DUI based on early morning hour, strong odor of alcohol, watery and bloodshot eyes, and admission to consumption of one beer); *State v. Pollman*, 41 Kan. App. 2d 20, 31-32, 204 P.3d 630 (2008) (no probable cause to arrest for DUI based on defendant's unwillingness to follow officer's directions, odor of alcohol, and admission to drinking a few beers); *City of Norton v. Wonderly*, 38 Kan. App. 2d 797, 808, 172 P.3d 1205 (2007) (no probable cause to arrest for DUI when defendant disobeyed officer's order to get back into his truck, had bloodshot eyes, smelled of alcohol, admitted to drinking earlier that evening, and a motorist had called law enforcement earlier that night and accused defendant of reckless driving but officer did not observe any traffic infractions); *Jackson v. Kansas Dept. of Revenue*, No. 118,504, 2018 WL 3596022, at *6 (Kan. App. 2018) (unpublished opinion) (no reasonable grounds to conclude driver was under the influence when driver smelled like alcohol, admitted to consuming a couple of beers, refused a PBT, and was speeding but not driving erratically).

7

While this case does not have many of the objective indications of intoxication officers look for such as slurred speech, balance/dexterity issues, or failure of field sobriety tests, Evans' erratic driving distinguishes it from the cases above. Evans was weaving in and out of traffic going 111 mph in a 60-mph zone. Moreover, the trial court viewed the video and found that Evans was driving erratically. Evans did not add the video to the record on appeal for this court to review that finding. The erratic driving and bloodshot eyes tip the scale in favor of finding that there were reasonable grounds to believe Evans was DUI. Further, the PBT refusal was circumstantial evidence that Evans knew he had been drinking and likely would fail the test. See *Forrest v. Kansas Dept. of Revenue*, 56 Kan. App. 2d 121, 128, 425 P.3d 624 (2018), *rev. denied* 309 Kan. 1347 (2019).

As a result, the trial court properly concluded that the trooper had reasonable grounds to believe that Evans was DUI.

Affirmed.