NOT DESIGNATED FOR PUBLICATION

No. 121,564

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES SANDER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed August 14, 2020. Affirmed.

*Daniel C. Walter*, of Walter, Walter & Peterson, of Norton, for appellant.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Charles Sander appeals the administrative suspension of his driver's license after he failed an evidentiary breath test. During the stop leading to his arrest and license suspension, a police officer noticed several signs that Sander had been driving while under the influence of alcohol, including an open beer bottle in the car's center console. Sander's eyes were bloodshot, and he wore a wristband similar to those issued to bar patrons; he was pulled over shortly after midnight. On appeal, Sander argues that there could be innocent explanations for each of these facts, and that the police officer, administrative hearing officer, and district court erred in drawing inculpatory inferences. We disagree and affirm the suspension of his license.

1

At approximately 12:45 a.m. on July 15, 2018, Officer Zachary McClure of the Hays Police Department observed a PT Cruiser driving 30 miles per hour in a 20-miles-per-hour zone. McClure stopped the car and asked the driver, Sander, for his driver's license and proof of insurance. Sander handed over these documents without a problem, responding coherently to McClure's questions without slurring his speech. At the same time, McClure noticed several signs suggesting Sander might be intoxicated. Sander's eyes were bloodshot, and he wore a wristband often used by bars to denote patrons over the age of 21. There was also an open beer bottle in the center console's cup holder. Based on these observations, as well as Sander's speeding and the early hour, McClure asked Sander to get out of the car and undergo various field sobriety tests.

Sander agreed, exited his vehicle, and walked with McClure to a nearby parking lot to perform the tests. During this time, McClure continued to observe him. Sander had no difficulty getting out of his car or walking to the parking lot. McClure then asked Sander to perform a field sobriety test that generally requires a person to walk in a straight line, placing one foot directly in front of the other, and then to turn in the direction and manner indicated by the officer. When Sander performed this task, three of his actions—starting too early, stepping out of line, and turning in the wrong direction—tended to show impairment. Sander then performed another test, which requires a person to stand on one leg and balance while counting out loud until the officer indicates. Sander was able to perform this task, though he did not count as he was instructed. During these tests, McClure noticed a moderate smell of alcohol coming from Sander.

McClure asked Sander to take a preliminary breath test, and Sander refused. Based on the officer's observations—Sander's bloodshot eyes, the open beer bottle, the wristband, the smell of alcohol, and Sander's performance during the field sobriety tests and refusal to take a preliminary breath test, as well as the time of day and Sander's

speeding—McClure arrested Sander for driving under the influence of alcohol and took him to the law enforcement center. There, McClure administered a breath test, which registered Sander's breath-alcohol concentration in excess of .08. McClure issued a notice to Sander suspending his driver's license.

Sander requested an administrative hearing to challenge the suspension of his license. The hearing officer found the suspension was valid, and Sander petitioned for review by the district court. After an evidentiary hearing where the officer was the sole witness to testify, the district court affirmed the suspension. At the request of the parties, the court later issued a supplemental opinion containing the findings of fact on which it based its decision.

On appeal before this court, Sander does not take issue with the district court's factual findings. Instead, he disputes the inculpatory inferences Officer McClure and the court drew from those facts. Sander asserts that because innocent explanations exist for each factor McClure relied on in conducting his investigation, the officer lacked reasonable suspicion to expand the scope of the initial traffic stop and request Sander to perform the field sobriety tests. Sander also claims McClure lacked probable cause to later arrest him and administer the evidentiary breath test. Thus, Sander argues, his license should not have been suspended.

DISCUSSION

K.S.A. 2019 Supp. 8-1567 criminalizes driving a vehicle while under the influence of alcohol or drugs. K.S.A. 2019 Supp. 8-1567(a)(3)-(5). The statute also prohibits operating a vehicle when the driver's breath-alcohol concentration is at least .08. K.S.A. 2019 Supp. 8-1567(a)(1), (2).

3

An officer who has reasonable suspicion that a person has been driving under the influence may request the driver to undergo a preliminary breath test to determine his or her breath-alcohol concentration. K.S.A. 2018 Supp. 8-1012(b). Reasonable suspicion is "'a particularized and objective basis' for suspecting" a person has broken the law. *State v. Jimenez*, 308 Kan. 315, 324, 420 P.3d 464 (2018) (quoting *State v. DeMarco*, 263 Kan. 727, 735, 952 P.2d 1276 [1998]). This requires more than a mere hunch; an officer must be able to articulate the basis for his or her suspicion. *Jimenez*, 308 Kan. at 324; *State v. Wendler*, 47 Kan. App. 2d 182, Syl. ¶ 8, 274 P.3d 30 (2012).

An arrest—and a subsequent evidentiary breath test, which is often administered at a police station (as McClure did here)—must be supported by probable cause. K.S.A. 2018 Supp. 8-1001(b)(1); *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012). Probable cause exists when an officer has a "'reasonable belief that a specific crime has been or is being committed and that the defendant committed the crime.'" 296 Kan. at 20 (quoting *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 656-57, 256 P.3d 845 [2011]). Though it is a more rigorous standard than reasonable suspicion, probable cause does not require a true probability and is a less demanding standard than preponderance of the evidence. *Sloop*, 296 Kan. at 20.

A violation of K.S.A. 2019 Supp. 8-1567 may be followed by criminal charges, but it also has administrative consequences relating to a person's driver's license. When Sander was pulled over in July 2018, Kansas law stated that if a person refused to submit to an evidentiary breath test—that is, a test administered after an officer has probable cause to believe a person has been driving under the influence of alcohol or drugs that can later be admitted as evidence of the driver's impairment—his or her driver's license would "be suspended for . . . up to one year." K.S.A. 2018 Supp. 8-1001(c)(2). If a driver failed an evidentiary breath test, his or her "driving privileges [would] be suspended for a period of at least 30 days and up to one year." K.S.A. 2018 Supp. 8-1001(c)(2).

4

An appeal from the suspension of a driver's license under these provisions is a civil case. Appellate courts reviewing license suspensions employ a mixed standard of review, depending on the questions presented. We review the district court's factual findings for substantial competent evidence and its legal conclusions de novo. *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 466, 447 P.3d 959 (2019). Substantial competent evidence is relevant and substantive evidence that furnishes a sufficient basis of fact to reasonably resolve the issues in the case. In evaluating whether such evidence existed before the district court, we do not reevaluate the credibility of witnesses, redetermine questions of fact, or reweigh conflicting evidence. 310 Kan. at 469.

Unlike a criminal case where the State must prove the elements of a crime beyond a reasonable doubt, Sander bore the burden before the administrative hearing officer and the district court to prove that he had not been driving while under the influence of alcohol or that the encounter with Officer McClure was otherwise unlawful. See K.S.A. 2018 Supp. 8-1020(k), (p). Neither the hearing officer nor the court found he had met this burden. Instead, both found that numerous undisputed facts, and the inferences drawn from the officer's observations, supported the officer's actions. We agree.

McClure observed Sander speeding through downtown Hays in the early morning hours. When McClure pulled Sander over, the officer observed an open beer bottle in Sander's center console; Sander was the only person in the car. Sander's eyes were bloodshot, and he wore a wristband typically given to bar patrons. Sander's speeding, the late hour, the beer bottle, the wristband, and Sander's bloodshot eyes suggest he may have been driving under the influence of alcohol. See *City of Wichita v. Molitor*, 301 Kan. 251, 268, 341 P.3d 1275 (2015) (unsafe driving may suggest intoxication); *State v. Klenklen*, No. 120,221, 2020 WL 1492768, at *4 (Kan. App. 2020) (unpublished opinion) (among other factors, partially full open bottle of beer within driver's reach and bloodshot eyes supported probable cause); *Hanchett v. Kansas Dept. of Revenue*, No. 115,579, 2016 WL 6822802, at *3 (Kan. App. 2016) (unpublished opinion) (collecting cases indicating

lateness of hour may create inference of intoxication); *State v. Knopp*, No. 102,972, 2010 WL 3853225, at * 1 (Kan. App. 2010) (unpublished opinion) (wristband and bloodshot eyes). The district court did not err in finding these circumstances provided McClure with reasonable suspicion to further investigate whether Sander had been driving while impaired, including asking that Sander submit to a preliminary breath test. See K.S.A. 2018 Supp. 8-1012(b) (officer may request a preliminary breath test when he or she has reasonable suspicion to believe a driver has been operating a vehicle under the influence of alcohol).

The district court similarly did not err in concluding that this information, combined with the additional observations gleaned during the investigation (including Sander's refusal to take a preliminary breath test), provided Officer McClure with probable cause to arrest Sander and later administer an evidentiary breath test at the law enforcement center. The officer testified that Sander had difficulty performing the sobriety tests. He had trouble walking heel-to-toe in a straight line, had difficulty following the officer's directions (in that he started too early), and turned the wrong direction at the end of the test—all recognized clues of impairment. Though Sander was able to stand on one leg, he again was not able to follow the officer's directions in counting out loud as he did so. And the officer noted a moderate odor of alcohol coming from Sander when he was out of his vehicle.

These observations—on top of the officer's previous perceptions and Sander's refusal to submit to a preliminary breath test—provided the officer probable cause to arrest Sander for driving under the influence of alcohol, to take him to the police station, and to administer an evidentiary breath test. See *Forrest v. Kansas Dept. of Revenue*, 56 Kan. App. 2d 121, 128, 425 P.3d 624 (2018) (an officer may draw a negative inference from a refusal to take a preliminary breath test), *rev. denied* 309 Kan. 1347 (2019); *Hebberd v. Kansas Dept. of Revenue*, No. 115,689, 2017 WL 543545, at *4-5 (Kan. App. 2017) (unpublished opinion) (finding probable cause, articulated as reasonable grounds,

6

though driver did not lose his balance, showed "manual dexterity," spoke clearly, and did not become emotional); *Perez v. Kansas Dept. of Revenue*, No. 113,587, 2016 WL 1399017, at *2-3 (Kan. App. 2016) (unpublished opinion) (finding probable cause, articulated as reasonable grounds, despite successful one-leg stand based on smell of alcohol, bloodshot eyes, clues on walk-and-turn test, and statement by driver's wife that he had not drunk much, which contradicted driver's statement); *Taylor v. Kansas Dept. of Revenue*, No. 112,042, 2015 WL 4460548, at *5 (Kan. App. 2015) (unpublished opinion) (finding reasonable grounds although appellant successfully completed one-leg-stand test and alphabet test, did not slur his speech, did not fumble when producing his driver's license, and did not have difficulty when getting out of his car).

On appeal, Sander does not dispute that these facts were before the district court and were included in the court's factual findings. Instead, he points out that the officer also had information before him that tended to show Sander had not been drinking. And Sander argues that benign explanations exist for each of the circumstances the district court considered in its reasonable-suspicion and probable-cause analyses; he claims the court erred in drawing inculpatory rather than innocent inferences from the facts. We do not find these arguments persuasive.

It is true that not all the evidence before the officer pointed to impairment. For instance, Sander did not slur his speech or fumble when handing over his license, and he did not have a difficult time getting out of his car to perform the sobriety tests. It is similarly true that there could be innocent explanations for each of the officer's observations. As Sander points out, a wristband from a bar does not conclusively show a bar patron has been drinking, and there are several conditions that cause bloodshot eyes. Even the beer bottle could in theory be used in a manner that does not mean a person has been drinking alcohol, e.g., using an empty beer bottle as a "spit cup" for tobacco. But the fact that other evidence exists, or other inferences could have been drawn, does not render the officer's conclusions unreasonable or unfounded. And the fact that a person

7

completes some aspect of a field sobriety test or lacks some common sign of impairment does not nullify an officer's other observations showing a person has been drinking. See *State v. Edgar*, 296 Kan. 513, 524, 294 P.3d 251 (2013); *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 515, 242 P.3d 1179 (2010).

Appellate courts do not reweigh the evidence. While Officer McClure's observations may be subject to innocent explanations, our role is not to undertake that reevaluation. Instead, we must determine whether the information available to the officer, including any reasonable inferences, supports a finding of reasonable suspicion and probable cause. We conclude it does.

In this appeal, as before the hearing officer and the district court, Sander has the burden to demonstrate that the officer did not have reason to believe he was driving while intoxicated. He has not done so. It is undisputed that Sander failed an evidentiary breath test, which showed an alcohol concentration above the legal limit. See K.S.A. 2018 Supp. 8-1001(c)(2). We thus affirm the suspension of Sander's driver's license.

Affirmed.