NOT DESIGNATED FOR PUBLICATION

No. 126,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAKOTA ANDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; STEVEN JOHNSON, judge. Submitted without oral argument. Opinion filed January 24, 2025. Appeal dismissed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Paul J. Kasper*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

ISHERWOOD, J.: Takota Anderson appeals the district court's denial of his motion to suppress the results of his preliminary breath test (PBT), which aided law enforcement in concluding there was probable cause to arrest Anderson for driving under the influence (DUI) of alcohol. Following a careful review of the record, we note that the issue which Anderson seeks to appeal—whether consent is required prior to obtaining a PBT from a driver suspected of being under the influence and the State's failure to prove consent and the absence of coercion—appears only in a cursory fashion in Anderson's motion to suppress. The district court never addressed that specific claim, and Anderson did not endeavor to ensure the district court made findings of fact and conclusions of law with

1

respect to that particular issue. Accordingly, the merits of that issue are not properly before us for review. Anderson's appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2022, Highway Patrol Trooper Mark Crump observed Takota Anderson driving a vehicle at 62 mph in a 55-mph zone. Crump conducted a traffic stop, and upon making contact with Anderson, noticed indications of alcohol consumption and possible impairment. As a result, the trooper's focus shifted from exploring a mere traffic infraction to a DUI investigation. As part of that inquiry, Anderson submitted to a PBT and yielded a result which contributed to the trooper's conclusion that probable cause existed to arrest Anderson for DUI. Trooper Crump administered the Intoxilyzer 9000 breathalyzer test which revealed that Anderson had a blood-alcohol content of 0.123.

Anderson filed a motion to suppress and argued that several shortcomings in Trooper Crump's DUI investigation necessitated suppression of the results from his PBT. According to Anderson, those results provided the foundation for the trooper's probable cause finding, and once the results were suppressed, there was no probable cause to support his arrest. Specifically, Anderson's motion to suppress alleged:

1. Trooper Crump lacked reasonable suspicion to believe Anderson committed or was committing a crime; therefore, all evidence obtained subsequent to the illegal stop was obtained in violation of Anderson's Fourth Amendment rights under the United States Constitution.

2. "The search of the defendant with the preliminary breath test device was conducted before arrest and, therefore, was not a lawful search incident to arrest pursuant to the United States Constitution and must be suppressed. See *Birchfield*

2

*v. North Dakota*, [579] U.S. [438], 136 S. Ct. 2160, 2184-85, [195] L. Ed. 2d [560] (2016). *State v. Robinson*, [55 Kan. App. 2d 209, 410 P.3d 923 (2017)]."

3. "[A]ny consent allegedly provided by [Anderson] to the PBT was unlawfully coerced, and therefore, not voluntary."

4. Any portion of the Kansas Implied Consent Law which implies consent to an otherwise unconstitutional search is itself unconstitutional both as applied and on its face.

5. The results of the PBT must be suppressed as being gained in violation of Anderson's constitutional rights.

6. Absent the illegally and improperly obtained PBT results Trooper Crump lacked probable cause to arrest Anderson. Therefore, any and all evidence seized or obtained subsequent to that unlawful arrest must be suppressed.

7. Trooper Crump included Anderson's performance of a Horizontal Gaze Nystagmus (HGN) test in his probable cause determination despite the fact the results of such tests are inadmissible for any purpose under Kansas law and absent such results the trooper lacked probable cause to arrest him.

8. Trooper Crump failed to properly administer and score the standardized field sobriety tests; therefore, the probable cause determination was based on inadmissible evidence in violation of Anderson's constitutional rights.

9. Anderson was arrested for DUI without the requisite probable cause; therefore, any evidence obtained in conjunction with that unlawful arrest must be suppressed.

On March 3, 2023, Anderson filed a stipulation of facts and waiver of jury trial that was approved by both parties. The filing reflected that both parties offered the stipulation "for the Court to first determine and rule on the defendant's motion to suppress and then, based upon the Court's ruling in regard to the motion to suppress, to determine defendant's guilt or innocence by an uncontested bench trial." It further stated that it was the parties' intent in presenting the stipulation "to frame legal issues associated with the Defendant's Motion to Suppress for the District Court to rule upon and then be appealed to the Appellate Courts." The stipulation was limited to the following facts:

"1. On July 30, 2022, at approximately 0217 hours Trooper Mark Crump observed the defendant Takota Anderson driving west bound on Old 40 highway in Ellsworth County, Kansas at 62 miles per hour in a 55 mile per hour zone.

"2. After speaking with the defendant the Trooper noticed indications of alcohol consumption and possible impairment and began a DUI investigation.

"3. As part of the Trooper's investigation he subjected defendant to a Preliminary Breath Test (PBT) of defendant's deep lung air.

"4. The parties stipulate that based upon the PBT to [*sic*] results the trooper had probable cause to arrest defendant.

"5. The parties further stipulate that if the PBT results are suppressed based on the defendant's motion to suppress that the trooper lacked probable cause to arrest defendant.

"6. At approximately 0247 hours the defendant was provided with his Implied Consent Advisories both orally and in writing.

"7. The Implied Consent Advisories used by the deputy on this date were the most recent ones available to the deputy and were issued and noted as revision date July 2019. The Trooper properly followed the KDHE protocol for breath testing and

4

administered the Intoxilyzer 9000 at 0255 hours on July 30, 2022, within three (3) hours of the last time defendant operated a motor vehicle in Ellsworth County, Kansas, with the Intoxilyzer 9000 indicating a test result of 0.123 grams of alcohol per 210 liters of breath at 0315 hours on July 30, 2022."

This joint stipulation was the sole factual resource available to the district court when analyzing the issues set forth in the suppression motion. Notably, neither Anderson's motion to suppress nor the stipulation provided any details concerning Trooper Crump's interaction with Anderson other than to say Anderson exhibited signs of possible impairment, performed standardized field sobriety tests, and submitted to a PBT.

Approximately two weeks later, the district court denied Anderson's motion to suppress and issued a memorandum decision which detailed the findings that supported its conclusion:

1. Trooper Crump had reasonable suspicion to stop Anderson based upon his observation of Anderson "driving 62 miles per hour in a 55-mile-per-hour zone."

2. The motion to suppress alludes to other issues, but in reading the motion against the stipulated facts, it would appear the motion to suppress "relies primarily on whether the trooper had the constitutional right or factual basis for administering a preliminary breath test." The district court found that the two cases cited by Anderson *to support his claim that the PBT was not a lawful search incident to arrest—Birchfield v. North Dakota*, 579 U.S. 438, and *State v. Robinson*, 55 Kan. App. 2d 209—were not applicable to the case. It highlighted that portion of the parties' stipulated facts which indicated that the "applied" consent advisory form Trooper Crump used was the revised form of July 2019 after the decision in *State v. Robinson* was issued: "Therefore, the

5

issues raised in *Robinson* are not applicable to this matter as [Anderson] was not threatened with criminal prosecution for refusing the preliminary breath test *or at least that is to be assumed beyond reasonable doubt based upon the stipulated facts presented*." (Emphasis added.)

3.  Responding to Anderson's issue on the "constitutionality of the applied [*sic*] consent laws, including the preliminary breath test," the district court found the argument was "denied by the Court of Appeals and the Supreme Court many times" and therefore would not be applied by the district court.

4.  Turning to Anderson's claim concerning the HGN test and that Trooper Crump lacked probable cause without it, the district court stated it "can only assume that this argument is abandoned as there are no stipulated facts that would give the court the ability to make that finding." The district court further found that "no stipulated facts were provided that would enable the court to make a finding" based on Anderson's allegation that the trooper failed to properly administer and score the field sobriety tests.

The district court also found Anderson guilty of both charged offenses, DUI and a speeding infraction, and sentenced him to serve 360 days in the custody of the county sheriff, with all but 5 days suspended, followed by 12 months of unsupervised probation. Anderson's request to stay his sentence pending completion of his appeal was granted.

Anderson timely brings his case to our court for consideration of whether his motion to suppress was properly denied.

6

*Can we properly conduct review of Anderson's claim that his motion to suppress should have been granted because voluntary consent is required prior to administering a PBT and the State failed to prove that he provided such consent?*

*Standard of Review*

Generally, the denial of a suppression motion is reviewed to determine whether the district court's factual findings are supported by substantial competent evidence, while we review the ultimate legal conclusion drawn from those factual findings de novo. *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007). However, when a case is submitted to the district court on stipulated facts, as it was here, we need only determine whether suppression is required under those particular facts, which is a question of law subject to unlimited review. *State v. Jones*, 279 Kan. 71, 74, 106 P.3d 1 (2005); *State v. Dean*, 42 Kan. App. 2d 558, 562, 214 P.3d 1190 (2009).

*Analysis*

While Anderson seeks to appeal the district court's denial of his motion to suppress, which raised nine issues, he has only framed one particular issue for our consideration. Thus, the scope of our task is significantly narrower than what the district court was tasked with examining. The specific analysis Anderson requests from us is cued solely to whether his PBT was given voluntarily. His precise assertion, and the one to which he devotes the entirety of his argument, is that "the State failed to prove that he gave unequivocal consent free of duress or coercion to the preliminary breath test (PBT)." He clarifies that in presenting the case on stipulated facts it "was the intent of the parties to 'frame' the issue of whether Kansas law allows for the administration of a preliminary breath test without first obtaining unequivocal voluntary consent free of duress or coercion." As a result of Anderson's particularized inquiry on appeal, all other

points of contention that were included in his motion to suppress are now deemed abandoned and will not be examined. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) ("Issues not briefed or not adequately briefed are deemed waived or abandoned.").

The greater point of concern is that the uncoerced, voluntary consent issue Anderson asks us to analyze was never ruled on by the district court when it rendered its memorandum decision denying the motion to suppress. Under Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36), each issue in an appellant's brief "must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised *and* ruled on." (Emphasis added.) While Anderson engages in a rather lengthy analysis of the voluntariness issue in his brief to our court, at no point does he identify any ruling the district court made with respect to the voluntariness matter or in what way that conclusion is legally infirm.

In his pursuit of relief through the motion to suppress, Anderson specifically asserted that "any consent allegedly provided by [Anderson] to the PBT was unlawfully coerced, and therefore, not voluntary." But at no point did he equip the district court with any factual foundation from which to conduct an analysis of that claim. The statutory provision governing motions to suppress unequivocally places the burden on Anderson to "state *facts* showing wherein the search and seizure were unlawful." (Emphasis added.) K.S.A. 22-3216(2). Moreover, a meticulous review of the district court's written order reveals that it does not include a corresponding ruling with respect to Anderson's claim that his consent was somehow coerced. Nor is there any indication Anderson subsequently sought to obtain a more precise finding from the district court, one which specifically addressed his contention that his PBT results were sullied by coercion and a lack of voluntariness.

Anderson's appellate brief is replete with assertions that a PBT constitutes a warrantless search for which the State is obligated to establish what he alleges is the only available exception, consent, and that it failed to carry its burden in his case. Additionally, he repeatedly advises that we must resolve what implications exist with respect to PBTs when a law enforcement officer retains a driver's license during the traffic stop. But the consent argument and this corresponding factual context were never presented to the district court. The record is exceedingly sparse with respect to what transpired during the course of the stop, and there is absolutely no indication Trooper Crump retained Anderson's driver's license for any appreciable period of time.

Where the district court did not make the factual findings necessary for us to review the argument and Anderson failed to object to any inadequacy in the district court's ruling, the issue is not properly before us for review. See *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017). Appellate courts do not make factual findings but only review those made by the district courts; thus, where there are no factual findings related to any test of constitutionality an appellate court is not in a position to decide whether the defendant's constitutional protections have been compromised. See *State v. Thomas*, 288 Kan. 157, 161, 199 P.3d 1265 (2009). The Kansas Supreme Court made clear that defendants wanting to pursue a constitutional challenge on appeal must ensure adequate findings of fact and conclusions of law were made in the district court to support his or her argument. *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015). Supreme Court Rule 165 (2024 Kan. S. Ct. R. at 232) primarily places the burden on the district court to ensure such findings and conclusions are articulated. It states that "[i]n a contested matter submitted to the court without a jury . . . , the court must state its findings of fact and conclusions of law in compliance with K.S.A. 60-252." Rule 165(a) (2024 Kan. S. Ct. R. at 232). Numerous appellate decisions have characterized this duty as mandatory. See, e.g., *State v. Carver*, 32 Kan. App. 2d 1070, 1078, 95 P.3d 104 (2004); *University of Kansas Mem. Corp. v. Kansas Power & Light Co.*, 31 Kan. App. 2d 177, 181, 61 P.3d

9

741 (2003); *Jack v. City of Wichita*, 23 Kan. App. 2d 606, 610, 933 P.2d 787 (1997); *In re Marriage of Case*, 18 Kan. App. 2d 457, 464, 856 P.2d 169 (1993). But our Supreme Court has also held that litigants who fail to object to inadequate Rule 165 findings and conclusions while before the district court are foreclosed from making appellate arguments that depend upon what is missing. See *Blair Constr., Inc. v. McBeth*, 273 Kan. 679, 688, 44 P.3d 1244 (2002); *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 378, 855 P.2d 929 (1993).

Furthermore, *Seward* indicated that a remand for additional findings was an exceptional remedy based on the novelty of the issues raised in that case. That is, issuing a remand for further findings was not to be the normal response of the appellate courts where a defendant failed to guarantee adequate findings were made. 289 Kan. at 721. Such a remedy would be a particularly extreme remedy here given Anderson's failure to provide the district court with *any* factual basis in support of his suppression motion as required under K.S.A. 22-3216(2). Such a measure would essentially enable Anderson to enjoy a second bite at the apple.

Because Anderson neglected to ensure the district court made sufficient findings of fact to support his arguments, this court is unable to address his claim that voluntary consent is required for PBTs to not run afoul of a driver's constitutional protections and that it is particularly problematic when a law enforcement officer retains a driver's license for some degree of time. To the extent we attempted to undertake any review of the issue we would run up against two long-standing rules: (1) A suppression issue submitted for appellate review must be consistent with the suppression ruling issued by the district court, and (2) constitutional issues generally cannot be reviewed for the first time on appeal. See *State v. Garcia-Garcia*, 309 Kan. 801, 808-11, 441 P.3d 52 (2019).

10

As it stands, the district court's ruling was limited to the following findings:

1. Trooper Crump had reasonable suspicion to stop Anderson.

2. Anderson primarily challenges whether the trooper had the constitutional right or factual basis for administering a preliminary breath test, but the two cases he relies on to support his claim that the PBT was *not a lawful search incident to arrest*, *Birchfield* and *Robinson*, are not applicable. The stipulated facts indicate that the "applied" consent advisory form Trooper Crump used was the revised form of July 2019 after the *Robinson* decision was issued: "Therefore, the issues raised in *Robinson* are not applicable to this matter *as [Anderson] was not threatened with criminal prosecution for refusing the preliminary breath test or at least that is to be assumed beyond reasonable doubt based on the stipulated facts presented*." (Emphasis added.)

3. Anderson's challenge to the "constitutionality of the applied [*sic*] consent laws, including the preliminary breath test," has been repeatedly "denied by the Court of Appeals and the Supreme Court," therefore, it would not be addressed by the district court.

4. As to Anderson's claim concerning the HGN test and that Trooper Crump lacked probable cause to arrest without it, the district court could "only assume that this argument is abandoned as there are no stipulated facts that would give the court the ability to make that finding." The district court further found that "[N]o stipulated facts were provided that would enable the court to make a finding" with respect to Anderson's allegation that the trooper failed to properly administer and score the field sobriety tests.

11

Given the absence of any ruling by the district court concerning the voluntariness of or any coercion associated with Anderson's PBT, the issue is not properly before us for review.

As a final point, we are inclined to conclude that what Anderson endeavored to obtain in pursuing this appeal was the receipt of an advisory opinion globally resolving the question of when submission to a PBT can properly be deemed voluntary. Such intentions are made clear by language dispersed throughout Anderson's brief which indicates it was the parties' intention to get a clear interpretation of the law associated with PBTs, that Anderson believes "what is required, legally, to give voluntary consent to a pre-arrest PBT search is a very important issue for district courts across the state and needs further clarity," and that "[t]he more interesting, and more important, issue for the Court to consider in regard to PBTs is what is required to prove voluntary consent." And again, Anderson repeatedly inquires what impact it has on the voluntariness inquiry when a law enforcement officer retains possession of an individual's driver's license, yet there is no indication from the record before us that Trooper Crump undertook such measures during his encounter with Anderson.

While we appreciate Anderson's desire to illuminate the potentially foggy corners of the law concerning PBTs, the fact remains that we are constitutionally prohibited from issuing advisory opinions. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 897-98, 179 P.3d 366 (2008). Such opinions are based upon abstract questions, which are "'inoperative and nugatory,' and are 'merely an opinion, which would remain a dead letter, and without any operation upon the rights of the parties. . . . Such is not the judicial power confided to this Court.'" 285 Kan. at 897 (quoting *State ex rel. Hopkins v. Grove*, 109 Kan. 619, 622, 624, 201 P. 82 [1921]). Accordingly, we decline his request to provide a detailed exposition of the matter.

Appeal dismissed.

\* \* \*

HURST, J., dissenting: I dissent from the majority's decision to affirm the district court without addressing Anderson's constitutional challenge as set forth in his motion to suppress and on appeal. When a defendant moves to suppress evidence, "the State bears the burden of proving to the trial court the lawfulness of the search and seizure." *State v. Conn*, 278 Kan. 387, 390, 99 P.3d 1108 (2004). When the material facts are undisputed, "the question of whether to suppress is a question of law subject to unlimited to review." 278 Kan. at 390. Here, the parties submitted stipulated facts which the district court apparently accepted (as explained below), so the appellate inquiry is simply whether the appropriate remedy is to suppress the evidence. *State v. Crudo*, 318 Kan. 32, 34, 541 P.3d 67 (2024); *State v. Jones*, 279 Kan. 71, 73-74, 106 P.3d 1 (2005) ("The ultimate determination of the suppression of the evidence is a legal question requiring independent appellate review.").

On appeal, Anderson clearly argues that the prearrest PBT was a warrantless search and thus the State must show the search was permitted by an exception to the warrant requirement of the Fourth Amendment to the United States Constitution. He specifically argues that under the stipulated facts the only possible exception to the warrant requirement is consent, and thus the district court by denying his motion to suppress must have found he impliedly consented to the prearrest PBT:

> "It is appellant's contention that because the relatively recent amendments to K.S.A. 8-1012 did not change the Fourth amendment analysis associated with a PBT, it is still a warrantless search, conducted pre-arrest, which is presumptively unreasonable. Therefore, the state is required to prove an exception to the warrant requirement applies, such as consent. The application of an exception to the warrant requirement is the burden of the state to prove. The only such exception which might apply would be consent, however, based upon the stipulation of facts, and the evidence presented by the state, the state did not meet its burden of proving voluntary consent."

13

While the majority contends that this court cannot address Anderson's argument because the district court did not make a specific finding about Anderson's consent and constitutionality argument, the district court's failure does not create a preservation issue. Anderson presented the same issue to the district court that he presents on appeal and gave the district court the opportunity to rule on it. In his motion to suppress, Anderson argued:

"4. As part of the DUI investigation officers subjected the defendant to a search through the use of a preliminary breath device.

"5. The search of the defendant with the preliminary breath test device was conducted before arrest and, therefore, was not a lawful search incident to arrest pursuant to the United States Constitution and must be suppressed. See *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 2184-85, ___ L. Ed. 2d ___ (2016). *State v. Robinson*, Appellate Case No. 116, 872 (Opinion filed December 22, 2017).

"6. Additionally, any consent allegedly provided by the defendant to the PBT was unlawfully coerced, and therefore, not voluntary.

"7. Further, any portion of the Kansas Implied Consent Law which 'implies consent' to an otherwise unconstitutional search is itself unconstitutional both as applied and on its face.

"8. Therefore, the preliminary breath test results must be suppressed as being gained in violation of the defendant's constitutional rights.

"9. Absent the illegally and improperly obtained PBT results the officers lacked probable cause to arrest the defendant, therefore, any and all evidence seized or obtained subsequent to the defendant's unlawful arrest must be suppressed."

As the parties explained, their stipulated facts in the motion to suppress were designed to present this constitutional issue to the district court and preserve it for appeal:

"It is the State and the defendant's intent in presenting the following stipulation of fact to frame legal issues associated with the Defendant's Motion to Suppress for the District Court to rule upon and then be appealed to the Appellate Courts.

14

"Specifically, should the Court deny the defendant's motion to suppress the parties intend for the Court to proceed on to a bench trial, noting the contemporaneous objection of the defendant to the denial of their motion to suppress, in order to preserve defendant's right to then appeal to the Kansas Appellate Courts after conviction and sentencing."

Analyzing similar language, the Kansas Supreme Court explained that stipulating to facts and proceeding to a bench trial preserves the issue for appeal:

"We agree with Braun that the language of the stipulation *makes clear he was using the trial by stipulation to preserve and resolve the legal questions about his motion to suppress.* Using a stipulation in such a fashion is a fairly common practice. This court has acknowledged the strategic realities of proceeding on stipulated facts: When a conviction is likely certain, *stipulating and proceeding to a bench trial preserves a party's rights to appeal*—a right they would forfeit by pleading guilty or no contest. *State v. Kelly*, 295 Kan. 587, 592-93, 285 P.3d 1026 (2012)." (Emphases added.) *State v. Braun*, 312 Kan 3, 7-8, 470 P.3d 1286 (2020).

The district court here also noted that the parties intended to preserve and present the constitutional issue of whether the officer's use of the prearrest PBT was permitted as a warrantless search:

"The Motion to Suppress alludes to other issues, but in reading the motion against the stipulated facts, it would appear the Motion to Suppress relies primarily on whether the trooper had the constitutional right or factual basis for administering a preliminary breath test. . . .

"The defendant has raised the constitutionality of the applied consent laws, including the preliminary breath test."

Anderson's claim on appeal—that the evidence of his prearrest PBT should be suppressed because it resulted from a warrantless search without an applicable

exception—is the same argument he made to the district court in his motion to suppress. Despite the parties' clear intent to present this argument, the district court's legal conclusion lacks specificity regarding its basis. Therefore, the district court's findings are either insufficient for meaningful appellate review or—as Anderson argues—demonstrate that the district court found, without explicitly stating, that Anderson impliedly consented to the prearrest PBT. Neither of these possibilities ultimately prevent appellate review. In both instances, the district court made a clear legal conclusion when it denied Anderson's motion to suppress, particularly because the parties submitted stipulated facts, and that legal conclusion is appealable, either now or later. See *Conn*, 278 Kan. at 394; see also *State v. Raskie*, 293 Kan. 906, 925-26, 269 P.3d 1268 (2012) (remanding because the district court made inadequate findings on defendant's cruel and unusual punishment argument).

The majority states that Anderson's claim is not appealable because "(1) A suppression issue submitted for appellate review must be consistent with the suppression ruling issued by the district court, and (2) constitutional issues generally cannot be reviewed for the first time on appeal," citing *State v. Garcia-Garcia*, 309 Kan. 801, 808-11, 411 P.3d 52 (2019). Slip op. at 10. However, *Garcia-Garcia* is distinguishable because that defendant made a *different* argument on appeal than he made to the district court. In *Garcia-Garcia*, the defendant "filed a motion in limine to exclude mentioning any Oklahoma events" because the evidence was irrelevant "'to the events with which the Defendant is charged'" and was overly prejudicial. 309 Kan. at 807, 809. The district court denied the motion in limine based on Garcia-Garcia's stated argument—general relevance and prejudice—and found the evidence "'does relate to the factual basis for the underlying felony . . . [and] is admissible under K.S.A. 60-455 . . . and . . . the probative value of the evidence is not substantially outweighed by its prejudicial effect.'" 309 Kan. at 807. The district court instructed the jury that the Oklahoma evidence could be considered only to prove Garcia-Garcia's motive and intent.

16

However, on appeal Garcia-Garcia did not attack the district court's determination that the evidence was admissible as to motive or intent—but raised a different argument. The State argued that Garcia-Garcia's appellate argument was unpreserved. The Kansas Supreme Court explained that on appeal Garcia-Garcia argued that the evidence was irrelevant "because Garcia-Garcia did not know [the events] occurred," which was an argument that "the State's evidence went beyond what was necessary to prove intent and motive." 309 Kan. at 809. In showing the difference between the two arguments, the Court explained that the question on appeal was:

"May a party lodge only a general relevance objection to a category of testimony, and then on appeal raise a specific ground targeting particular facts withing that testimony, when the trial court had no opportunity to address the specific argument advanced on appeal?" 309 Kan. at 810.

In *Garcia-Garcia*, the district court did not have the opportunity to address the argument made on appeal; therefore, the court explained it would "focus on what Garcia-Garcia argued below and the district court's ruling." 309 Kan. at 811. Here, Anderson's argument on appeal is the same argument he posed to the district court. In fact, the State does not contend that Anderson failed to preserve his argument for appeal but addresses the arguments as intended. Moreover, the district court understood Anderson's motion to suppress argument "relie[d] primarily on whether the trooper had the constitutional right or factual basis for administering a preliminary breath test." This is Anderson's same argument on appeal. The fact that the district court denied the motion to suppress without explicitly stating the basis or reasoning for its legal conclusion does not create a preservation issue like the one in *Garcia-Garcia*.

Anderson's Stipulation of Fact document included the following stipulated facts:

"2. After speaking with the defendant the Trooper noticed indications of alcohol consumption and possible impairment and began a DUI investigation.

17

"3. As part of the Trooper's investigation he subjected defendant to a Preliminary Breath Test (PBT) of defendant's deep lung air.

"4. The parties stipulate that based upon the PBT to results the trooper had probable cause to arrest defendant.

"5. The parties further stipulate that if the PBT results are suppressed based on the defendant's motion to suppress that the trooper lacked probable cause to arrest defendant.

"6. At approximately 0247 hours the defendant was provided with his Implied Consent Advisories both orally and in writing."

In denying the motion to suppress, the district court did not explicitly state the exception it relied on to find the prearrest PBT evidence admissible, and explained that:

"[T]he issues raised in *Robinson* are not applicable to this matter as the defendant was not threatened with criminal prosecution for refusing the preliminary breath test or at least that is to be assumed beyond reasonable doubt based upon the stipulated facts presented.

"The defendant has raised the constitutionality of the applied [*sic*] consent laws, including the preliminary breath test. This argument has been denied by the Court of Appeals and the Supreme Court many times; therefore, this court will not apply such argument herein."

The legal conclusion is clear—that the PBT evidence should not be suppressed—but the reasoning or basis for that decision is somewhat ambiguous.

The district court apparently accepted the stipulated facts. First, nothing in the record indicates the district court rejected any of the stipulated facts. Second, it declined to address two legal arguments because the parties did not submit stipulated facts related to those arguments. The district court noted Anderson's argument about the horizontal gaze nystagmus test and explained that it "can only assume this argument is abandoned as there are no stipulated facts that would give

18

the court the ability to make that finding," and it noted that "[a]gain, no stipulated facts were provided that would enable the court to make a finding . . ." regarding Anderson's claim that the trooper failed to properly administer or score the field sobriety tests. Although not explicitly stated, the context of the court's order demonstrates that it accepted the parties' stipulated facts.

Anderson argues that considering the parties' stipulated facts, particularly the one that said, absent the PBT results "the trooper lacked probable cause to arrest defendant," the district court's legal conclusion to not suppress the PBT evidence means it found that Anderson impliedly consented, and such consent was legally sufficient. Based on these facts, the court's lack of specificity does not make Anderson's claim unpreserved, as this court can assume the court made the proper factual findings to support its legal conclusion. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006).

Generally, this court assumes that the district court made the factual findings necessary to support its legal conclusion. *Dragon*, 282 Kan. at 356 ("Where no objection is made, this court will presume the trial court found all facts necessary to support its judgment."). The Kansas Supreme Court has reviewed and affirmed a district court's denial of a motion to suppress when the district court's written order failed to identify the relied on warrant exception supporting its legal conclusion. See *Conn*, 278 Kan. at 394. In *Conn*, the Court of Appeals limited its review to whether the search incident to arrest exception applied because the parties focused on that argument, but the Kansas Supreme Court determined that "the written finding of the trial court and the State's arguments are sufficiently broad to enable unlimited review" of the ultimate legal question regarding the validity of the type of search. 278 Kan. at 394. The court then found the search valid based on probable cause with exigent circumstances. 278 Kan. at 395-96. The same results here—the court's legal conclusion is reviewable unhindered by its failure to cite the specific exception it relied on to make its decision.

Even assuming the district court's findings are insufficient to permit appellate review—which the parties do not contend—the proper result is not to affirm that decision without reviewing the arguments. This court may remand for additional fact-findings and legal conclusions if the district court's ruling is inadequate to disclose the controlling facts or basis for the court's findings. *State v. Martin*, 318 Kan. 538, 559, 544 P.3d 820 (2024); *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009) ("When the record on review does not support a presumption that the district court found all the facts necessary to support the judgment, this court will remand the case for additional findings and conclusions."). When an appellate court is presented with inadequate findings, the proper course taken depends on whether the issue was raised and can be resolved without remand. *State v. Neighbors*, 299 Kan. 234, 241, 328 P.3d 1081 (2014) ("[T]he panel should have remanded if it believed the district court made inadequate factual findings that would have prevented appellate review."); see *Raskie*, 293 Kan. at 925-26 (remanding because the district court made inadequate findings on defendant's cruel and unusual punishment argument).

Anderson properly raised the issue on appeal before the district court, and the district court made a legal conclusion in light of those arguments—which makes it reviewable. At the very least, if the district court's findings are incomplete and do not permit meaningful appellate review then the case should be remanded for the district court to more clearly set forth its basis for the legal conclusion it reached. See, e.g., *Progressive Products, Inc. v. Swartz*, 292 Kan. 947, 961-62, 258 P.3d 969 (2011).